In the Matter of GLENRAM WINE AND LIQUOR CORP., Petitioner, against JOHN F. O'CONNELL et al., Constituting the State Liquor Authority, et al., Respondents.— This is an application under article 78 of the Civil Practice Act for an order annulling a determination of the State Liquor Authority canceling wholesale liquor license No. LL-185 issued to the petitioner and refusing a renewal of such license. Petitioner was charged in seven counts by respondents with various violations. After conducting a hearing on March 15, 1945, an order was made canceling petitioner's wholesale license. The decision found petitioner guilty of the seven charges. At the same time respondents disapproved petitioner's application for a renewal of its license for the period commencing March 1, 1945, and terminating February 28, 1946. Respondents gave no reason for the disapproval. Six of the charges made against petitioner are for sales in violation of Office of Price Administration prices made during the period between April 1, 1943, and December 1, 1943, not within the current license period. Violations of the Alcoholic Beverage Control Law by the holder of a wholesale liquor license prior to the licensing period cannot form the basis of a revocation of the license.. Violations of Office of Price Administration price regulations are not a ground for revocation (*Matter of Colonial Liquor Distributors* v. *O'Connell*, 269 App. Div. 496). Charge No. 7 accused petitioner of violating subdivision 2 of section 101-a of the Alcoholic Beverage Control Law. That offense did occur within the licensing period. The proof, however, is insufficient to show that petitioner had been given notice that the person to whom the sale was made was on the delinquent list. Neither is there any proof in the record to show that petitioner knowingly, willfully or intentionally made the sale. Even if true, the charge would only warrant a suspension of petitioner's license for a period of not more than five days for the first offense and not more than thirty days for a subsequent offense. Determination of respondents is annulled on the law and facts, with $50 costs and disbursements, and the matter remitted to respondents for consideration of the application ·for the issuance of a license to petitioner for the period commencing March 1, 1945, and terminating February 28, 1946. All concur.

HENRY S. MANTELL, Respondent, v. ALBANY SAVINGS BANK, Appellant.— The order from which defendant appeals granted in part its motion for the examination of plaintiff before trial as to latter's claim of damages sued for, consisting of an alleged breach by defendant of a contract to sell plaintiff its premises into which the latter went into occupancy for business purposes on August 24, 1942, and continued to the date of the action. The order granted directed for production upon his examination only plaintiff's bank records for the period April 1 to April 10, 1945. Further records on the issue of the aforesaid pleaded damages are requisite to effectuate the examination and their ordered production is authorized by section 296 of the Civil Practice Act. The order appealed from is modified by inserting at the end of the ordering part of the second ordering paragraph, and as a part thereof, the following: " And also such of his business records and books of account, kept in the regular course of his business, as accurately reflect and show the details and totals of the amount of his gross business and net profits therefrom covering the period beginning August 24, 1942, to date "; and, as so modified, the order is affirmed, without costs. All concur.