In the Matter of COLONIAL LIQUOR DISTRIBUTORS, INC., Respondent, against JOHN F. O'CONNELL et al., Constituting the State Liquor Authority, Appellants, and NEW AMSTERDAM CASUALTY COMPANY, Respondent.

Argued October 22, 1945; decided January 17, 1946.

*Elvin N. Edwards, Harry F. Karst, Henry V. Doell* and *Jack Reinstein* for appellants.  I. The appeal to the Court of Appeals lies as of right.  (*Matter of Weinstein* v. *Board of Regents,* 292 N. Y. 589; *Matter of Klenk,* 214 N. Y. 715; *Matter of Neglia* v. *Zimmerman,* 237 N. Y. 131; *Stock* v. *Mann,* 254 N. Y. 507; *Matter of N. Y. State Elec. Corp.* v. *P. S. Comm.,* 260 N. Y. 32; *Matter of Vleck* v. *Parry,* 270 N. Y. 371.)  II. The petitioner violated subdivision 10 of section 104 of the Alcoholic Beverage Control Law in failing to keep on the licensed premises adequate and accurate books and records and in failing to record on its invoices the true price at which alcoholic beverages were sold. III. The petitioner violated subdivision 2 of section 100 of the Alcoholic Beverage Control Law in selling liquor for purposes of resale to a person not duly licensed to sell such liquor and also violated subdivision h of section 99-b of the same law in taking orders from persons not holding permits required by said section.  (*Matter of Wylegala* v. *Railway Express Agency, Inc.,* 177 Misc. 1071, 264 App. Div. 937; *Matter of Gunther's Sons* v. *McGoldrick,* 255 App. Div. 139, 279 N. Y. 148.)  IV. The Legislature conferred upon the State Liquor Authority the power to execute and enforce both the letter and spirit of the Alcoholic Beverage Control Law.  V. There was sufficient cause for the action taken by the authority in revoking petitioner's license.  (*Matter of Menick,* 279 N. Y. 795; *Matter of Conomon* v. *State Liquor Authority,* 254 App. Div. 650, 278 N. Y. 591; *Matter of Yates* v. *Mulrooney,* 245 App. Div. 146; *Matter of Miller* v. *Kling,* 291 N. Y. 65.)  VI. The Legislature conferred upon the authority the right to revoke for discretionary causes which need not be enumerated prior to the revocation.  (*Surace* v. *Danna,* 248 N. Y. 18; *People* v. *Ryan,* 274 N. Y. 149; *Chittenden Lumber Co.* v. *Silberblatt & Lasker, Inc.,* 288 N. Y. 396; *People ex rel. Huff* v. *Graves,* 277 N. Y. 115.)  VII. A license may be revoked, canceled or suspended for acts which occur in a period preceding the issuance of the license.  (*Matter of Conomon* v. *State Liquor Authority,* 254 App. Div. 650, 278 N. Y. 591.)

*Frank L. Wiswall, Monroe I. Katcher, II,* and *Charles W. Newmark* for respondent.  I. No appeal to the Court of Appeals lies as of right.  (*Matter of Toyos* v. *Bruckman,* 291 N. Y. 745; *Matter of Begent* v. *Noyes,* 284 N. Y. 229; *Matter of Newman*

*Lake House, Inc.*, v. *Bruckman*, 283 N. Y. 646; *Matter of Gazdun* v. *Bruckman*, 280 N. Y. 621; *Matter of Joyce* v. *Bruckman*, 284 N. Y. 736; *Matter of Baker*, 284 N. Y. 576.) II. Discretionary revocation must be based upon causes stated at the time of issuance of a license, as required by subdivision 5 of section 114 of the Alcoholic Beverage Control Law. (*Matter of Lyman*, 163 N. Y. 536.) III. The authority did not make the violation or conviction of an O.P.A. regulation discretionary cause sufficient for revocation. (*Matter of Donegan*, 282 N. Y. 285; *People* v. *Schacher*, 181 Misc. 769.) IV. The determinations of the authority revoking petitioner's licenses were invalid not only as a matter of law, but there was no substantial evidence to support them. The violations did not occur during the period for which the license was issued. (*Jacobus* v. *Colgate*, 217 N. Y. 235; *Story* v. *Craig*, 231 N. Y. 33; *Grimmer* v. *Tenement House Department*, 205 N. Y. 549; *City of New York* v. *New York City R. Co.*, 193 N. Y. 543; *Matter of W. S. A. & P. R. R. Co.*, 115 N. Y. 442; *Matter of Stupack*, 274 N. Y. 198; *Town of Amherst* v. *County of Erie*, 260 N. Y. 361; *Easton* v. *Pickersgill*, 55 N. Y. 310; *People ex rel. Frank Brewery* v. *Cullinan*, 168 N. Y. 258.) V. Charges embracing the alleged failure of petitioner to keep upon the licensed premises adequate and accurate books, records and invoices of all transactions involving the business transacted by petitioner should have been dismissed. (*Matter of Pennsylvania Whiskey Distributing Corp.* v. *Bruckman*, 256 App. Div. 781, 282 N. Y. 665.)

THACHER, J. The State Liquor Authority has taken two appeals from a single order of the Appellate Division, Third Department, annulling the Authority's revocation of two wholesale liquor licenses issued to petitioner-respondent and remitting the matter '' to the State Liquor Authority to proceed in accordance with the decision of the Court.'' The first notice of appeal is filed as of right on the theory that the order appealed from is final. Respondent disputes our jurisdiction to entertain this appeal, contending that the remission to the Authority renders the order appealed from nonfinal, citing *Matter of Toyos* v. *Bruckman* (291 N. Y. 745); *Matter of Begent* v. *Noyes* (284 N. Y. 229); *Matter of Newman Lake House, Inc.*, v. *Bruckman* (283 N. Y. 646); *Matter of Gazdun* v. *Bruckman* (280 N. Y. 621) and *Matter of Joyce* v. *Bruckman* (284 N. Y. 736).

The rule is not in doubt. Where upon review of an administrative determination the Appellate Division remits the matter to the board or authority " to proceed in accordance with the decision of the Court ", finality of the order depends upon what remains to be done by the administrative authority, and if nothing more than purely ministerial action is required of it then the order is final. (*Matter of Kiriloff* v. *A. G. W. Wet Wash Laundry*, 282 N. Y. 466; *Matter of Vleck* v. *Parry*, 270 N. Y. 371; *Matter of Grade Crossings (N. Y. C. R. R. Co.)*, 255 N. Y. 320; *Matter of Neglia* v. *Zimmerman*, 237 N. Y. 131.) But, while the rule is clear enough, there is confusion in its application. The *Begent* and *Gazdun* cases (*supra*), clearly appear to apply the rule because judicial duties remained to be performed by the Commissioner of Markets in the *Begent* case and by the Liquor Authority in the *Gazdun* case. In the *Toyos, Joyce* and *Newman Lake House* cases (*supra*), we did not intend to impair the principle which has governed our decisions or the rule that finality depends upon the character of the acts which remain to be done upon a remission from the Appellate Division. Accordingly we must consider what action the law would permit the Liquor Authority to take in this case upon the remission from the Appellate Division. Under the order annulling its revocation of the licenses nothing is left for the Authority to do except to perform those purely ministerial acts which may be necessary to give effect to the decision of the Appellate Division. The proceeding was one to revoke a license and the effect of the order annulling the revocation was finally to determine and bring it to a close. It could not be continued for any purpose and nothing remained for consideration or determination by the Authority. Revocation of the licenses having been annulled, that ended the matter, and we are constrained to conclude, therefore, that under the established rule the order appealed from was final and within our jurisdiction to review.

The other appeal, said to have been taken pursuant to subdivision 3 of section 7 of article VI of the Constitution, is dismissed upon the ground that the order appealed from does not direct a new hearing.

The petitioner, a domestic corporation engaged in the sale and distribution of alcoholic beverages at wholesale in the State of

New York, has conducted its business at premises in Kingston and in Albany and during the period from October 1, 1943, to October 1, 1944, was licensed under two wholesale liquor licenses covering that period, one numbered LL-131 for premises located in Kingston and the other numbered LL-33 for premises located in Albany.

On September 11, 1944, petitioner and its president, Vincent J. Andretta, pleaded guilty to an information in the United States District Court for the Southern District of New York charging in ten separate counts sales of whiskey for sums in excess of the ceiling prices promulgated by the Federal Price Administrator. All of these sales occurred between August 23 and September 20, 1943, before the commencement of the period covered by the licenses here in question.

Upon their pleas of guilty the petitioner and its president were jointly and severally sentenced to pay a fine of twenty thousand dollars and Andretta, the president, was sentenced to six months in jail, the execution of this jail sentence being suspended.

On September 16, 1944, proceedings were instituted before the State Liquor Authority to revoke the two licenses each of which was about to expire on October 1, 1944. A hearing was held on October 4, 1944, at which the two proceedings were consolidated. By stipulation between the parties a wholesale liquor license for the premises in Albany for the period commencing October 1, 1944, and expiring September 30, 1945, was issued to the petitioner, in consideration for which it agreed that the Liquor Authority might take any action in the proceedings with respect to said license that it might have taken with respect to the license expiring September 30, 1944.

These proceedings resulted in a determination of the State Liquor Authority revoking petitioner's wholesale liquor license for the premises in Kingston in an order which set forth as the ground of revocation: selling liquor at a price in excess of the ceiling prices fixed by the Office of Price Administration; conviction for such sales; violation of section 104, subdivision 10, of the Alcoholic Beverage Control Law in failing to keep upon the licensed premises adequate and accurate books and records of all transactions involved in the business transacted by the licensee; violation of section 100, subdivision 2, of the same

Law in the sale within the State for purposes of resale to a person who was not duly licensed to sell such liquor; receiving orders from persons to purchase liquor who did not hold a permit as required by section 99-b, subdivision h, of the Alcoholic Beverage Control Law, and that the conduct of the licensee in connection with its business of selling liquor at prices in excess of the ceiling price as fixed by the Office of Price Administration was not conducive to the proper regulation and control of traffic in alcoholic beverages, did not further the object of the provisions of the Alcoholic Beverage Control Law, and that the licensee violated section 104, subdivision 10, of the Alcoholic Beverage Control Law in that it recorded sales of alcoholic beverages on invoices which did not state the true price for which such alcoholic beverages were sold.

Coincidentally with the revocation of petitioner's Kingston license the Authority directed the petitioner to surrender the Albany license issued pursuant to stipulation, and after several extensions of time this license was revoked by the Authority. The Kingston license had been lawfully revoked and paragraph (a) of subdivision 5 of section 126 of the Alcoholic Beverage Control Law forbade all traffic in alcoholic beverages by petitioner for two years. Consequently petitioner may not complain of the revocation of the Albany license which the statute had rendered illegal.

This proceeding to review the action of the Liquor Authority was commenced on January 9, 1945, by service upon the respondents of a notice of motion and a petition pursuant to article 78 of the Civil Practice Act. The relief sought was annulment of the revocation of the Kingston license and annulment of the determination of the Authority directing the surrender of the Albany license. At Special Term the question presented was thought to be proper for its consideration under section 1296 of the Civil Practice Act and the Authority was sustained in revoking the Kingston license but was reversed for having revoked the Albany license.

The Appellate Division held that the proceeding should have been transferred to it in the first instance and, treating it as if it had been, decided that the determination of the State Liquor Authority should be annulled because the violations relied upon as the basis for revocation occurred prior to the

licensing period and that the decision of Special Term to the contrary should be vacated. It was also held in the Appellate Division that selling liquor at prices in excess of ceiling prices fixed by the Price Administrator was not cause for revocation under section 118 of the Alcoholic Beverage Control Law, nor had it been specified by the Authority as a cause for revocation under subdivision 5 of section 114 of the Alcoholic Beverage Control Law. We agree that selling liquor at prices in excess of ceiling prices fixed by the Price Administrator was not cause for revocation of either of the licenses in this case. The law itself in section 118 specifies eight causes for which a license must be revoked. These causes are introduced by the following sentence: " Any license issued pursuant to this chapter may be revoked for cause, and must be revoked for the following causes ". Selling at prices in excess of ceiling prices is not mentioned in section 118 among the causes for which a license must be revoked.

This section is however supplemented by subdivision 5, section 114, which reads as follows: " 5. There shall be printed and furnished by the liquor authority to each licensee a statement of the causes for which licenses may be revoked. Such statement shall be prepared by the liquor authority and delivered to the licensee with his license or as soon thereafter as may be practicable. Any amendments thereto shall also be sent by the liquor authority to all licensees as soon as may be practicable after such amendments. Failure to send such statements or changes therein, or failure to receive the same, or any misstatement or error contained in such statements or amendments shall, however, not be an excuse or justification for any violation of law, or prevent, or remit, or decrease any penalty or forfeiture therefor."

Pursuant to this provision of the statute the Authority issued to licensees under date of October 1, 1936, a specific statement of causes for which licenses may be revoked which included the following:

" 2. A license MAY BE revoked for any of the following causes:

" (a) * * *

" (b) * * *

" (c) Violation of any provision of Chapter 478 of the Laws of 134 [sic] known as the Alcoholic Beverage Control Law."

A similar notice issued in October, 1942, stated among the causes: " 9. Violation of any provision of the Alcoholic Beverage Control Law; * * *."

It is conceded that the petitioner received from the Authority these statements specifying the causes for which licenses may be revoked, each of which was issued in compliance with subdivision 5 of section 114 of the law. In no such statement was the violation of ceiling price regulations specified as a cause for revocation of a permit granted under the Alcoholic Beverage Control Law and we accept the conclusions of both courts below that the sales at prices above ceiling prices did not constitute legal cause for revocation of either of the licenses here in question.

It appears however that the methods followed by the petitioner when such sales were made involved violations of the Alcoholic Beverage Control Law in that each invoice stated the ceiling price as the sales price although an additional sum in excess of the sales price was collected from the purchaser in each transaction. The price falsely stated as the selling price on each of the invoices was carried into the regular books of account.

Section 104, subdivision 10, as amended by Laws of 1940, chapter 611, section 2, effective April 18, 1944, contains the following applicable provisions: " 10. Each wholesaler shall keep and maintain upon the licensed premises, adequate books and records of all transactions involving the business transacted by such wholesaler * * *. Such wholesaler shall deliver to the purchaser a true duplicate invoice stating the name and address of the purchaser, the quantity of alcoholic beverages, description by brands and the price of such alcoholic beverages, and a true, accurate and complete statement of the terms and conditions on which such sale is made. * * * "

The State Liquor Authority found the following facts recited in its order revoking the Kingston license:

" 3. That the licensee violated Section 104, subdivision 10, of the Alcoholic Beverage Control Law in that it failed to keep upon the licensed premises adequate and accurate books and records of all transactions involving the business transacted by the licensee."

" 8. That the licensee violated Section 104, subdivision 10, of the Alcoholic Beverage Control Law in that it recorded sales of alcoholic beverages on invoices which did not state the true price for which such alcoholic beverages were sold."

These findings are amply supported by admissions of petitioner's counsel appearing in the record.

The State Liquor Authority also found:

" 4. That the licensee violated Section 100, subdivision 2, of the Alcoholic Beverage Control Law in that it sold or agreed to sell liquor in [this] state for purposes of resale to a person who was not duly licensed to sell such liquor at the time of such agreement or sale."

" 5. That the licensee received an order or orders from a person or persons to purchase liquor from the licensee which person or persons did not hold a permit as required by Section 99-b subdivision h, of the Alcoholic Beverage Control Law."

Counsel for petitioner conceded that such sales were made to persons who were not licensed but in defense relied upon the fact that they were all made before the license period commenced on October 1, 1943. No one questioned that such sales were in fact violations of the law. The Appellate Division held that they were not cause for revocation of the license because not made within the period of the license which has been revoked.

The question of law presented is whether a license may be revoked for violations which occurred in a prior licensing period and were not discovered by the Authority until after the issuance of the license sought to be revoked. One can of course conceive of a situation in which a revocation for a long past offense would be an abuse of the Authority's discretion but clearly this is not such a case. The offenses were disclosed in June of 1944 by the indictment filed in the District Court and were admitted by the defendants' pleas of guilty on September 11, 1944. The proceedings leading to the revocation of the license were commenced five days thereafter. The offenses were not trivial; there were a number of sales involving substantial quantities of liquor and each one of these sales involved not only a violation of the Federal statute but of the Alcoholic Beverage Control Law as well. Renewal applications for each of the licenses commencing October 1, 1943, were

received from the petitioner on September 13, 1943. Although all but one of the sales to unlicensed persons occurred shortly before that date, none of these sales was disclosed by petitioner in applying for renewal of his licenses.

No case arising under this law is cited for the proposition that a license may only be revoked for violations occurring within the term for which the license was issued. Quite regardless of the particular circumstances of this case, the court below has apparently established an absolute rule to be applied in every case where the cause of revocation occurred in a prior licensing period.

The only authority cited by the respondent in support of its contention is *Walter* v. *Pennington* (25 F. 2d 904, 905), a decision of the United States District Court for the Western District of Pennsylvania. That was a proceeding to revoke a permit under the National Prohibition Act predicated upon the requirement of the statute that the commissioner cite a permitee for hearing if he has reason to believe the permittee " is not in good faith conforming to the provisions of this act ". Construing the particular language involved — " is not in good faith conforming to the provisions of this act " — the court held that this language could have no reference to failures or derelictions under prior permits.

Here we are concerned with no such express language. Cause for revocation specified is " violation of any provision of the Alcoholic Beverage Control Law ". The respondent argues that because of an amendment of the statute in April, 1945 (L. 1945, ch. 522), which expressly authorized revocation because of violations occurring during the license period immediately preceding the issuance of the license or permit, we must construe the statute as containing no such authority prior to that date, and in support of this contention refers to a speech made by the respondent-appellant O'Connell, Chairman of the State Liquor Authority, in which he said with reference to this amendment: " The law as unamended prevented the Authority from proceeding against the license on the basis of any violations committed at any time other than during the current license period. This made it imperative when the matter of processing an application for the renewal of a license was involved that the investigation and proceedings be con-

ducted in many instances without sufficient time for orderly, deliberate, judicial disposition."

Notwithstanding these remarks, we must construe the language of the statute as we find it and determine from its language the intention of the Legislature when the statute was enacted. The regulation authorized by statute specifies as cause for revocation "Violation of any provision of the Alcoholic Beverage Control Law ", and we may not limit the regulation by an absolute rule that no violation occurring before issuance of a renewal license is cause for revocation thereof. In this case the violations were of such a character and were so closely identified in time and circumstance with the business under regulation that we may not say that the revocation was without authority or in any way an abuse of regulatory power.

The question remains as to whether we should direct reinstatement of the determination of the State Liquor Authority revoking the licenses. It seems quite clear that the Authority predicated its action in large part upon violations of the Federal statute, and the argument here made in its behalf carries the same emphasis.

The appeal predicated upon subdivision 3 of section 7 of article VI of the Constitution should be dismissed, without costs. Upon the appeal taken as from an order finally determining the proceeding, the order should be reversed, without costs, and the matter remitted to the State Liquor Authority, with directions to hold a rehearing and thereafter to take such proceedings as it may deem proper not inconsistent with this opinion.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and MEDALIE, JJ., concur.

Ordered accordingly. (See 295 N. Y. 825.)