Foster, J.
This is a proceeding to review under article 78 of the Civil Practice Act the refusal of the State Liquor Authority to renew petitioner’s wholesale liquor license for the period from March 1, 1946, to February 20, 1947.
Some of the matters in issue have been before us in a prior proceeding. (Matter of Glenram Wine & Liquor Corp. v. O’Connell, 269 App. Div. 1004.) We held in that case that violations of the Alcoholic Beverage Control Law prior to the licensing period could not form the basis for the revocation of a license. The Court of Appeals has held to the contrary. (Matter of Colonial Liquor Distributors v. O’Connell, 295 N. Y. 129; Matter of Glenram Wine & Liquor Corp. v. O’Connell, 295 N. Y. 336.) We have also held, and this has been affirmed in both of the cases cited, that the authority was without power to revoke or cancel a license because of sales above ceiling prices, as fixed by Federal regulations, in the absence of any notice to a licensee pursuant to subdivision 5 of section 114 of the Alcoholic Beverage Control Law that such sales would constitute cause for revocation.
The present proceeding involves an application for a reneAval license very similar to the application involved in the prior proceeding before us (269 App. Div. 1004), except as to dates. The authority has again refused to grant a renewal license. Its refusal is based largely upon the following reasons: sale of liquor above ceiling prices; failure to keep adequate and accurate records, and that petitioner made a false statement in its application for a license in that it failed to disclose that Henry Abatemarco, one of' the officers, directors and stockholders of petitioner, had been arrested for a crime. There *168 are also findings that the conduct of the licensee and its officers was not conducive to proper regulation and control of liquor traffic, and by reason of such conduct the licensee was unfit to hold a license to traffic in alcoholic beverages..
Petitioner is a corporation. Samuel Zucker owns 50% of the stock thereof, Benjamin Miller 25%, and Henry Abatemarco the remaining 25%. From 1937 to 1946, the latter was president of petitioner and executed its applications for licenses. In each instance all questions with respect to whether he had ever been arrested were answered “ no ”.
It is claimed by the authority that Henry Abatemarco was arrested February 17, 1925 and there is evidence to support this claim. Henry Abatemarco’s version is that he was working in his father’s place of business in New York City at the time, in 1925, when two detectives came in and asked him to go with them. They took him to a police station where they asked him about some stolen suits. Subsequently he was told to go home and to come back a few days later. On the return day he went before a judge or magistrate, told his story and was sent home. A detective afterwards said to him “I am sorry that we got the wrong man.” He claims he did not understand that he ever was arrested, nevertheless he was fingerprinted and afterwards secured his fingerprints from the police department, From this episode as a whole, and accepting Abatemarco’s version, we think the authority could not only find that he had been arrested but also that he knew he had been arrested. The process of being fingerprinted and being taken before a judge is generally taken as indicia of an arrest even by laymen.
There is also proof by way of a former record, introduced as an exhibit, that the hooks and invoices of petitioner were not accurately kept, in fact were false. The sales recorded failed to show the true price at which the merchandise was sold. This, of course, resulted from the sale of liquor in excess of ceiling prices. While it has been authoritatively held that such sales were not a ground for the revocation of a license, and by inference, perhaps not a legitimate ground for a refusal to issue a renewal license, there has been no authoritative decision condoning a failure to keep accurate records. And we can find no cogent reason to condone such a practice now. Our decision in the former proceeding held that these offenses could not form the basis for revocation or cancellation of a license .because they occurred in a prior licensing period. We have been overruled in this respect.
*169 Thus, excluding the sale of liquor in excess of ceiling prices from the issues involved in the present proceeding, there was nevertheless before the authority the proof that petitioner failed to keep honest records, and also proof that its president failed to answer correctly a relevant inquiry as to his arrest. Whatever may be our view of the triviality of the last charge we are not authorized to disregard it, since the authority possessed statutory power to make the inquiry. (Alcoholic Beverage Control Law, § 110.)
This proceeding deals only with an application for a renewal license. The discretion of the authority in this regard is very broad. We cannot say in view of the foregoing facts, irrespective of sales above ceiling prices, that the exercise of discretionary power by the authority in this case was arbitrary and capricious.
The determination should be confirmed, with $50 costs.
Hefeeenan and Lawrence, JJ., concur; Hill, P. J., and Beewstee, J., concur in the result but not upon the ground of the arrest of Abatemarco.
Determination confirmed, with $50 costs.