## (March 4, 1948.)

In the Matter of IRVING HAIM et al., Individually and as Copartners Doing Business under the Name of INTERNATIONAL DISTRIBUTORS, Respondents, against JOHN F. O'CONNELL et al., Individually and as Members of the State Liquor Authority, Appellants.

SHIENTAG, J. (dissenting). Special Term has the power in an appropriate case in the exercise of its sound discretion to grant a stay, not exceeding thirty days, pending judicial review under article 78 of the Civil Practice Act of the action of the State Liquor Authority in refusing to issue a license to petitioners for another year to sell liquor at wholesale. The granting of a stay in an appropriate case is specifically authorized by section 121 of the Alcoholic Beverage Control Law taken in conjunction with section 1299 of the Civil Practice Act. The purpose of the stay is to avoid irreparable injury and to maintain the *status quo* not to exceed the limited period of thirty days specified in the statute pending judicial review of the determination of the State Liquor Authority.

While such a stay is generally prohibitory in form and in effect, it may require the performance of an act solely for the purpose of maintaining the *status quo*. In *Toledo, A. A. & N. M. Ry. Co.* v. *Pennsylvania Co.* (54 F. 730 [1893]), Circuit Judge TAFT (later Chief Justice of the United States) said at page 741: " The office of a preliminary injunction is to preserve the status quo until, upon final hearing, the court may grant full relief. Generally this can be accomplished by an injunction prohibitory in form, but it some-times happens that the status quo is a condition not of rest, but of action, and the condition of rest is exactly what will inflict the irreparable injury upon complainant, which he appeals to a court of equity to protect him from. In such a case courts of equity issue mandatory writs before the case is heard on its merits."

There was no abuse of discretion on the part of the court below in granting a stay designed to maintain the *status quo* until petitioners' application under article 78 came on to be heard at Special Term on March 8, 1948. Petitioners are wholesale liquor distributors. They have operated their business pursuant to wholesale liquor license granted to them by the State Liquor Authority. The first such license was issued in or about May, 1944, the second in February, 1945, the third in February, 1946, the fourth in February, 1947. The license issued in February, 1947, expiring on February 29, 1948, was issued on condi-tion that the authority would have the right at any time to revoke the license under the same conditions as though it were being considered as a renewal application. It is alleged that the gross annual business of petitioners amounts to between ten and fifteen million dollars and that they employ more than one hundred people. There is no charge that petitioners have violated any law or committed any other irregularity in the actual conduct of their business since they obtained their wholesale liquor dealers license in 1944. The basis of the refusal of the authority to issue another license to petitioners is, generally speaking, alleged false statements made by them in connection with their various applications for licenses and improper conduct prior thereto.

It is true that petitioners had been advised that for over a year their conduct was being investigated by the State Liquor Authority and that they had received an informal notice on January 22, 1948, that the authority upon the basis of information in its possession had determined that petitioners' license would not be renewed for the license period beginning March 1, 1948. At that time petitioners had not filed their application for renewal. That application

was filed on February 2, 1948. It may well be that if they had filed at an earlier date, the State Liquor Authority would have rendered an earlier decision, thus obviating any need for a stay pending a hearing in a proceeding under article 78 of the Civil Practice Act, but it appears that it is not customary to file renewal applications before they are sent out in the mail by the State Liquor Authority, which, on the record now before the court, seems not to have occurred in this case until shortly before the date when the application for a renewal license was filed. Thereafter at informal hearings considerable testimony was taken, witnesses were sworn, examined and cross-examined by counsel. On February 21, 1948, petitioners were notified of the disapproval of their application. Subsequently, written requests were made by petitioners on February 24 and February 26, 1948, requesting the State Liquor Authority to issue a conditional permit pending the hearing and determination at Special Term of petitioners' application for judicial review. The final reply denying these requests was received Friday, February 27th. On Saturday, February 28th, the Justice at Special Term signed the order to show cause returnable on March 8, 1948, which contains the provision for maintaining the *status quo* now being appealed from. Considering the large number and intricate nature of the charges made against petitioner, an excessive time was not consumed in instituting this proceeding.

There has been no such delay by the petitioners as would indicate any attempt on their part to impede a prompt and orderly judicial review of the determination of the State Liquor Authority. We agree with the learned court below that no harm can come from a limited stay to maintain the *status quo*. On the contrary, irreparable harm may come unless petitioners are permitted for the limited period provided in the order below to continue the business which they have been carrying on pursuant to the authorization of the authority for the past four years. The wording of the stay may not have been appropriate but that is a matter which could readily be corrected in this court so as to bring the stay within the framework of the statute (cf. *Matter of Colonial Liquor Distributors* v. *O'Connell*, 295 N. Y. 129; *Matter of Restaurants & Patisseries Longchamps* v. *O'Connell*, 271 App. Div. 684).

Peck, P. J., Dore and Callahan, JJ., concur in decision; Shientag, J., dissents in an opinion, in which Van Voorhis, J., concurs.

Assuming, without deciding, that the court has authority to grant a stay which is tantamount to requiring the State Liquor Authority to issue a temporary license pending a court review of its refusal to issue a license, we conclude that a stay should not have been granted in this case. The order, so far as appealed from, is reversed, the stay is vacated and the motion denied.