93 So.2d 146

**T. B. BYRD et al., Members of Review Committee (of Geneva County), Production and Marketing Administration, United States Department of Agriculture,**

v.

**Buford G. SORRELLS.**

4 Div. 828.

Supreme Court of Alabama.

Jan. 10, 1957.

Rehearing Denied March 7, 1957.

J. Stephen Doyle, Jr., Neil Brooks, Sp. Attys. Gen., Hartwell Davis, U. S. Atty., Ralph M. Daughtry, Asst. U. S. Atty., Montgomery, Linton B. West, Wm. J. Foster, Atlanta, Ga., and Donald A. Campbell, Attys., U. S. Dept. Agriculture, Washington, D. C., for appellants.

E. C. Boswell and Jas. W. Kelly, Geneva, for appellee.

LAWSON, Justice.

This suit was instituted in the circuit court of Geneva County, in equity, pursuant to the provisions of §§ 361–368 of the Agricultural Adjustment Act of 1938, sometimes referred to hereafter as the Act. 52 Stat. 62–64, 7 U.S.C.A. §§ 1361–1368.

Under the Act, supra, quotas in each county are allotted by a County Committee elected by the farmers in the county. For the year 1954 the Geneva County Committee fixed the peanut acreage allotment for the farm of Buford G. Sorrells at 9.3 acres. Sorrells being dissatisfied with the allotment sought and obtained a review by the appropriate Review Committee composed of farmers appointed by the Secretary of Agriculture. In accordance with the regulations of the Secretary of Agriculture, a hearing was held by the Review Committee, which thereafter made its findings of fact and affirmed the action of the County Committee. Sorrells thereupon commenced this action in the circuit court of Geneva County, in equity, against T. B. Byrd, R. R. Donaldson, and M. C. Wilks, Members of the Review Committee, as allowed by the Act, supra. 7 U.S.C.A. § 1365. In accordance with the provisions of the Act, a transcript of the record upon which the determination of the Review Committee was made—including its findings of fact—was duly certified by the Review Committee to the court in which the bill was filed.

In his bill as amended, Sorrells claimed that the 1954 peanut allotment for his farm should have been 20 acres rather than 9.3 acres as fixed by the County Committee and averred, in substance, that the deficiency resulted (1) because of the failure of the County Committee to take into consideration the tillable acreage of his farm and "other factors as provided by the Agriculture [sic] Adjustment Act of 1938, as amended, * * *" and (2) the refusal of the Review Committee to permit him to introduce evidence going to show the tillable acreage available on the farm and the peanut allotment for the farm for the years 1947 through 1950, which evidence it was averred was material, relevant and essential to a correct determination of the peanut allotment for 1954. The bill as amended prayed in part that the equity court make and enter "such orders, as it determines necessary, requiring said Review Committee to re-determine their findings upon this cause and directing said Review Committee to allow the introduction of and to consider evidence of your complainant relating to the tillable acreage available of said farm and the peanut allotment of said farm for the years, 1947 through 1953."

The amended answer of the respondents to the bill as amended contains a denial of the averments of the amended bill, as well as allegations to the effect that the 1954 acreage allotment established by the County Committee and affirmed by the Review Committee was proper and correct.

The case was heard in the equity court on the pleadings and the transcript of the record as certified to that court by the Review Committee. The equity court decreed that the cause be transferred back to the Review Committee for the purpose of considering "evidence relating to the tillable acreage available and the peanut allotment for said farm for the years 1947 through 1953, as material evidence to be considered in their re-determination of a correct peanut allotment for the year, 1954, for said farm."

On motion of the respondents the trial court set aside and vacated the decree just referred to and granted the respondents a rehearing, with permission to file an amendment to their answer.

Thereafter, on September 7, 1954, the equity court rendered a decree which was entered on September 13, 1954, which decree will sometimes be referred to hereafter as the decree of September 13th, providing that the cause be remanded to the Review Committee "for the purpose of considering additional evidence to be taken in this cause and for a re-determination of their findings in said cause" and in which decree the Review Committee was ordered to "allow the introduction of evidence relating to tillable acreage available and peanut allotment for said farm for the year 1947 through 1953, as material evidence to be considered in their re-determination of a correct allotment for the year 1954, for said farm."

The bond to secure the costs of the appeal to this court by the respondents was approved and filed by the register on February 12, 1955. The certificate of appeal was filed in the office of the clerk of this court on February 22, 1955, and the transcript was filed here on March 4, 1955. The respondents, to whom we will refer hereafter sometimes as the Review Committee and sometimes simply as the appellants, being uncertain as to whether an appeal would lie from the decree entered on September 13, 1954, filed in this court on March 31, 1955, a motion or petition for mandamus in the alternative. The appellee on May 9, 1955, filed here his motion to dismiss the appeal. Submission here on behalf of the appellants was on the appeal and on the petition for mandamus and on behalf of the appellee on his motion to dismiss the appeal.

Motion to Dismiss Appeal

Grounds of the motion to dismiss the appeal are to the effect that the decree sought to be reviewed is not appealable.

■ It is settled that this court is without jurisdiction to entertain an appeal from a decree rendered in an equity proceeding unless such decree is either a final decree or is one of the certain interlocutory decrees from which an appeal is authorized by statute. McKleroy v. Gadsden Land & Improvement Co., 126 Ala. 184, 28 So. 660; Ex parte Jonas, 186 Ala. 567, 64 So. 960; Hayes v. Hayes, 192 Ala. 280, 68 So. 351; Graves v. Barganier, 223 Ala. 167, 134 So. 874. The same rule, of course, applies in regard to judgments entered on the law side of the circuit court. See Bentley v. Knox, 258 Ala. 377, 62 So.2d 921.

It is not insisted, and it could not be successfully done, that the decree presently under consideration is of the kind of interlocutory decree from which an appeal is authorized by statute.

■■ However, the appellants do contend that the decree of September 13th resolved all of the legal issues before the court, ascertained and declared the rights of the parties, settled the equities, and, therefore, for the purpose of appeal, it must be considered as a final decree. If

the decree did have that effect there could be no doubt of its finality for the purpose of review by this court, for in several cases we have held, as we did in Ex parte Elyton Land Co., 104 Ala. 88, 15 So. 939, 940, that: "The test of the finality of the decree to support an appeal is not whether the cause remains in fieri, in some respects, in the court of chancery, awaiting further proceedings necessary to entitle the parties to the full measure of the rights it has been declared they have, but whether the decree which has been rendered ascertains and declares these rights. If these are ascertained and adjudged, the decree is final, and will support an appeal." See Kimbrough v. Dickinson, 251 Ala. 677, 39 So.2d 241, and cases cited. But the decree from which the appellants seek to appeal does not in our opinion settle the basic issue between the parties, the peanut acreage allotment for the farm of Sorrells for the year 1954, nor does it settle any other issue of fact between the parties. The decree simply remands the cause back to the Review Committee, an administrative agency, for a redetermination of its findings based on additional evidence which it is ordered to consider.

As far as we are advised, this court has never been called on to determine whether a decree or judgment of a trial court remanding a cause to an administrative agency for further action is such a final decree as will support an appeal.

■ We have concluded that the finality of such a decree or order depends upon what remains to be done by the administrative agency after remandment by the trial court. In other words, the character of the acts which remain to be done by the agency is the factor which determines whether the order of remandment is final in the sense that it will support an appeal. If nothing more than purely ministerial action is required of the administrative agency after remandment, then the order is final. Colonial Liquor Distributors v. O'Connell, 295 N.Y. 129, 65 N.E.2d 745.

On the other hand, where, as here, the applicable law authorizes the trial court to remand the cause to the administrative agency under certain circumstances, for the purpose of taking additional testimony and of making a redetermination of its findings of fact, a decree remanding the cause for those purposes is not sufficiently final to support an appeal. Colonial Liquor Distributors v. O'Connell, supra; Gazdun v. Bruckman, 280 N.Y. 621, 20 N.E.2d 1007; Begent v. Noyes, 284 N.Y. 229, 30 N.E.2d 485.

The motion to dismiss the appeal must be granted.

## Application for Mandamus

As heretofore shown, the controversy concerns the peanut acreage allotment to the Sorrells farm for the year 1954. Although the motion to dismiss the appeal did not raise the point, this court at the time the case was argued and submitted here raised the question of mootness, since the appeal was not taken until February of 1955 and submission here was several months later.

The appellants, since submission, have filed a reply brief which treats the grounds of the motion to dismiss the appeal but which makes no reference to the question of mootness.

It is, of course, apparent that no order of this court can give to Sorrells more or less peanut acreage during the year 1954 than was fixed by the Review Committee.

■ This court has said that as a general rule it will not decide questions after their decision has become useless. Ex parte McFry, 219 Ala. 492, 493, 122 So. 641, and cases cited. In the McFry case it was observed: "If a case has become a moot case, there is no necessity for a judgment, or no end that the law recognizes sufficient to be accomplished by the judgment sought, the court will decline to consider the merits, and dismiss the case."

Some state courts have adopted an exception to the general rule of mootness by

deciding moot cases when questions of great public interest are involved which can be settled by the court's decision. One of the reasons for the mootness rule—economy of judicial endeavor—is said not to apply where the questions are very important to the whole public.

Assuming arguendo that an authoritative decision on the merits of this case would be sufficiently important to the public as to invoke the public interest exception, we are convinced that our decision would not settle the questions presented, which concern the construction of an Act of Congress as well as the construction and validity of certain rules and regulations promulgated by the Secretary of Agriculture of the United States. Hence, we feel that the public interest exception to the rule of mootness should not be applied here.

Any pronouncement by this court on the merits of this case would be in the nature of an advisory opinion on matters which can only be finally determined in the Federal courts. It has been held that a suit in a state court to review a decision of a Review Committee denying application for increase in marketing quota is a " 'suit of a civil nature' " " 'arising under a law of the United States' " so as to be removable to federal court. Larking v. Roseberry, D.C., 54 F.Supp. 373, 374.

The appeal is dismissed. Application for mandamus is denied.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.