194 So.2d 565

**Reuben F. McKINLEY**

v.

**Lois Elizabeth McKinley MORRIS.**

I Div. 419.

Supreme Court of Alabama.

Jan. 26, 1967.

or notify the Respondent that a date was set in any other manner."

The plea was filed in a child custody proceeding in which no hearing had been held, and no final decree entered.

The ruling on the plea in abatement is not a final judgment, and this court is without jurisdiction to entertain an appeal from such order. Byrd v. Sorrells, 265 Ala. 589, 93 So.2d 146, and such defect must be noticed ex muro motu. Gorum v. Samuel, 274 Ala. 690, 151 So.2d 393.

Further, the record contains no assignments of error. This would require an affirmance of the decree here sought to be appealed from. Dobson v. Deason, 258 Ala. 219, 61 So.2d 764, and cases cited therein. However, since the attempted appeal is from an order not final, an order of dismissal of this appeal would be more appropriate than an order of affirmance.

Appeal dismissed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.

Reuben F. McKinley, pro se.

Lois E. McKinley Morris, pro se.

HARWOOD, Justice.

As recited in the notice of appeal, this is an attempted appeal from "that certain decree dated October 25, 1966, overruling Respondent's Plea in abatement heretofore filed in said cause and from the failure of Judge Telfair Mashburn to write a decree setting a date for the hearing of said plea,