■ In the Matter of SHORE HAVEN LOUNGE INC., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Proceeding pursuant to article 78 of the CPLR to review two determinations of respondent, both dated February 13, 1974, one canceling petitioner's liquor license and imposing a bond claim of $250 and the other disapproving petitioner's renewal application and recalling petitioner's renewal license. Determination canceling petitioner's license modified, on the law, by reducing the penalty to a 30-day suspension commencing as of March 1, 1974, with the $250 bond claim. As so modified, said determination confirmed; and the other determination annulled; all without costs. The evidence adduced at the hearing was sufficient to support respondent's findings (1) that petitioner had failed to keep fully adequate books and records as required by subdivision 12 of section 106 of the Alcoholic Beverage Control Law and (2) that Pasquale Morgigno, petitioner's sole principal of record, was not the sole and true party in interest in the licensed premises, thereby violating subdivision 2 of section 99-d of the Alcoholic Beverage Control Law by effecting a corporate change without having first duly obtained respondent's permission to do so. In light of the conceded fact that petitioner's record since petitioner's original license was granted in 1968 is otherwise unblemished, we are of the opinion that the penalty of cancellation and non-renewal was so disproportionate to the offense as to constitute an abuse of discretion on the part of respondent (see *Matter of Potter* v. *New York State Liq. Auth.,* 37 A D 2d 760; *Matter of Lakeside Country Club* v. *New York State. Liq. Auth.,* 34 A D 2d 1100; *Matter of 230 Green Rest. Corp.* v. *State Liq. Auth.,* 32 A D 2d 898, affd. 27 N Y 2d 606). Gulotta, P. J., Hopkins, Martuscello, Christ and Brennan, JJ., concur.