Letters Testamentary were issued in 1973 to Marion Clyde Amason and Elaine A. Walker in the estate of Thomas R. Amason, deceased. On November 3, 1974, Marion C. Amason removed the administration of the estate of the decedent to the Jefferson Circuit Court, In Equity, Case No. 188-293. On January 6, 1975, Elaine A. Walker, one of the co-executors under the will, petitioned the court for a final settlement of the estate. On January 15, 1975, the other co-executor, Marion Clyde Amason, also petitioned the court for a final settlement of the estate. On February 20, 1975, a hearing was had before a Special Master on a supplemental petition for final settlement filed by Elaine A. Walker and on the petition for final settlement filed by Marion Clyde Amason. The Special Master filed his report to the court on February 21, 1975. Elaine A. Walker filed an exception to the report of the Special Master on February 28, 1975. On March 5, 1975, a petition for declaratory judgment was filed by Elaine A. Walker as a trustee under the last will and testament of Thomas R. Amason, asking the court to declare a trust on monies held by Elaine A. Walker, to authorize satisfaction of a real estate mortgage, direct payment of funds held in escrow, determine the competency of Elaine A. Walker to act as trustee of the trust, and to determine the competency of Nettie T. Amason to manage her own affairs. Nettie T. Amason filed an answer and counterclaim to this petition for declaratory relief on February 16, 1976.
The record before us does not disclose what action, if any, the court has taken on these several petitions.
During June, 1976, Nettie T. Amason and Marion Clyde Amason filed a petition in the estate proceedings asking the court for a declaration of right concerning their interest in the estate of Thomas R. Amason, and asking the court to adjudge and decree that Elaine A. Walker, Francis M. Amason and William R. Amason be ordered to execute a settlement agreement. Elaine A. Walker filed a motion to strike this petition filed by Nettie T. and Marion Clyde Amason. On September 24, 1976, the trial court entered a decree, which is as follows:
 "IN THE MATTER OF; } CIRCUIT COURT, TENTH THE ESTATE OF } JUDICIAL CIRCUIT OF THOMAS R. AMASON, } ALABAMA, EQUITY DECEASED } DIVISION } CASE NO. 188-293
"DECREE
 "This cause came on to be heard on this instant date upon `Motion To Strike' as filed on June 8, 1976. At the hearing Petitioners, Nettie T. Amason and Marion Clyde Amason, were allowed to file an `Amendment' and counsel for Elaine A. Walker orally readdressed the `Motion to Strike' to the `Amendment'.
 "The Court heard statements and arguments of counsel and the findings of the Court are set forth hereinafter.
 "Accordingly, it is CONSIDERED, ORDERED, ADJUDGED and DECREED by the Court as follows:
 "ONE: The `Motion To Strike' is hereby granted and the `Petition For Declaratory Relief' as filed on June 4, 1976 and the `Amendment' as filed on this instant date are each hereby stricken. *Page 395 
 "DONE and ORDERED this 24th day of September, 1976."
This appeal is from that decree, taken by the two persons who filed it in the estate proceedings, Nettie T. and Clyde Amason. Other parties to the estate proceedings, including Elaine A. Walker and others, have filed a motion to dismiss the appeal, asserting that the decree set forth above is not an appealable judgment, that the trial court has before it all of the matters raised in the petition, among others, and that no final decree has been entered in the estate proceedings, in which the pleading stricken by the court is but a part.
We agree. This court has frequently held that a final judgment is necessary to give the court jurisdiction to entertain an appeal. Title 7, § 754, Code, provides for appeals to the Supreme Court from final judgments. A final judgment or decree has been defined as one which puts an end to all controversies litigated or which ought to have been litigated with respect to a particular controversy. Vacalis v. Lowry,279 Ala. 264, 184 So.2d 345 (1966).
The decree in this case, from which appeal is sought, does no more than strike a pleading filed in the estate proceeding. It is apparent from the scant record before us that many issues have been raised in that proceeding which are not disposed of by the court's decree striking the petition filed by Mrs. Amason and Mr. Amason. We are, therefore, without jurisdiction to entertain the appeal. Byrd v. Sorrells, 265 Ala. 589,93 So.2d 146 (1957).
Nothing in the new Alabama Rules of Appellate Procedure affects these general principles except Rule 5, which allows a party to request permission to appeal from an interlocutory order in civil actions under limited circumstances. That rule sets out the circumstances contemplated by the rule, and requires that:
 ". . . A petition to appeal from an interlocutory order must contain a statement by the trial judge that he is of the opinion that the interlocutory order involves a controlling question of law as to which there is substantial ground for difference of opinion, that an immediate appeal from the order would materially advance the ultimate termination of the litigation and that the appeal would avoid protracted and expensive litigation. . . ."
There has been no attempt by the parties bringing this appeal to come within the provisions of ARAP 5.
Because the decree appealed from is not final, the motion to dismiss the appeal is due to be and the same is hereby granted.
APPEAL DISMISSED.
TORBERT, C.J., and MADDOX, FAULKNER and BEATTY, JJ., concur.