Jeffrey Smith appeals from a judgment based on a directed verdict in favor of Hardy Cook and Chilton County in an action filed by Mr. Smith for damages based on personal injuries sustained in an automobile accident. We affirm.
On July 7, 1987, Jeffrey Smith drove his automobile onto Highway 31 from the parking lot of a small grocery store in Thorsby, Alabama. The rear of his vehicle was struck by an automobile driven by Hardy Cook, a sergeant for the Chilton County Sheriff's Department, who was on an emergency call to the location of a reported shooting. Both Smith and Cook were injured in the collision.
On August 13, 1987, Mr. Smith filed a complaint against Sergeant Cook and Chilton County, alleging that Sergeant Cook had been negligent or wanton in the operation of his vehicle. On August 17, 1987, Sergeant Cook filed a similar complaint against Mr. Smith, in which he alleged negligence or wantonness on the part of Mr. Smith. On September 10, 1987, the actions were consolidated for discovery and trial. At trial, which commenced on September 25, 1989, much of the dispute revolved around whether Sergeant Cook's siren and flashing lights were activated at the time of the collision.
At the close of Mr. Smith's case, Sergeant Cook and Chilton County moved for a directed verdict on all counts of Smith's complaint. The trial judge, sua sponte, suggested the applicability of Alabama Pattern Jury Instruction 26.20, which states in part: "The standard of care of a police officer performing an official duty requiring unusual speed or unusual action is different from that normally required of a private citizen." The judge also observed that the "Notes on Use" following Instruction 26.20, suggested that "[e]xpert testimony is usually necessary to establish the reasonably prudent police officer standard of care."
After a lengthy discussion with counsel for all parties, the judge directed a verdict for Sergeant Cook and Chilton County on Mr. Smith's complaint on the ground that Mr. Smith had not produced expert testimony regarding the applicable standard of care owed by a police officer. However, the judge submitted to the jury the claim of Sergeant Cook against Mr. Smith. On that claim, the judge instructed the jury in the following manner:
 "Ladies and gentlemen, I'm going to give the most simple jury instruction that I have ever given in my life. You have heard the evidence in this case and you have heard the arguments of counsel. *Page 1057 
My instruction to you is simply this: Go back there and do what you feel is fair and reasonable and right between these two people."
Counsel for all parties indicated their satisfaction with that charge.
The record reveals the following remarks by the trial judge, made after the jury had returned from deliberation:
 "The jury has submitted to the bailiff, who in turn submitted to me, a statement by the jury, and I'm going to read the precise statement that the jury has given to me. . . . 'The jury feels that the evidence as presented was not sufficient, there being negligence on both parties, to make a just judgment for either person.' Signed by the foreperson, Mr. Walker."
Neither Smith nor Cook brought an appeal from the judgment based on that verdict. However, Mr. Smith subsequently appealed, complaining only of the directed verdict against him on his claim against Sergeant Cook and Chilton County.
Mr. Smith presents only two issues on appeal. First, he contends that Alabama Pattern Jury Instruction 26.20 is inapplicable under the facts of this case. Second, he argues that regardless of its applicability, the plaintiff, in order to defeat a motion for a directed verdict, is not required to present expert testimony on the standard of care of a police officer who is responding to an emergency call.
Notwithstanding the thorough treatment of the standard-of-care issue through the briefs of able counsel, we fail to see how Mr. Smith would benefit from a favorable ruling in this Court. In this consolidated action, the claims of both drivers arose out of a single automobile accident. Both parties alleged identical claims of negligence and wantonness in the operation of the other's vehicle. The central element in both claims was the applicable standard of care of a police officer in responding to an emergency call.
In its consideration of Sergeant Cook's claim against Mr. Smith, the jury expressly found both parties to benegligent. The uncontested charge to "do what you feel is fair and reasonable and right between these two people" expressly invited the jury to examine the claims and defenses of each party vis-a-vis the other. In doing so, the jury necessarily passed on the issue of the standard of care of a police officer. Thus, any question regarding the necessity of expert testimony to establish such a standard has been rendered moot by the subsequent jury verdict and the consequent judgment from which no appeal has been taken.
This Court will not decide questions that are moot or that have become purely academic. J.C. Jacobs Banking Co. v.Campbell, 406 So.2d 834 (Ala. 1981); City of Birminghamv. Long, 339 So.2d 1021 (Ala. 1976); Byrd v.Sorrells, 265 Ala. 589, 93 So.2d 146 (1957). Neither will we set out to resolve an issue unless a proper resolution would afford a party some relief. City of Birmingham v. SouthernBell Telephone Telegraph Co., 234 Ala. 526, 176 So. 301
(1937); Caldwell v. Loveless, 17 Ala. App. 381,85 So. 307 (1920). We, therefore, decline to pass on the propriety of the directed verdict, because the jury was subsequently allowed to consider the very issue foreclosed by the directed verdict.
Consequently, the judgment of the trial court is hereby affirmed.
AFFIRMED.
MADDOX, HOUSTON, STEAGALL and INGRAM, JJ., concur.