■ In the Matter of BULL'S EYE, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the New York State Liquor Authority, dated April 2, 1990, which, after a hearing, canceled the petitioner's liquor license and ordered a $1,000 bond forfeiture.

Adjudged that the determination is confirmed and the petition is dismissed on the merits, with costs.

In February 1986 the New York State Liquor Authority (hereinafter the Authority) issued an On-Premises Liquor License to the petitioner corporation Bull's Eye, Inc., for premises known as Bull Creek, located in Smithtown. In completing the application, Edward Ingeneri, the sole shareholder, officer, and director of petitioner, had represented to the Authority that it was opening a "full service restaurant,

with a lunch and dinner menu available specializing in Italian food". According to the petitioner's Method of Operation statement, there would be "no live entertainment" on the premises of the restaurant. The diagram submitted with the application showed a large kitchen and dining area and referred to the establishment as a "Restaurant Bar".

The petitioner's establishment was in fact operating as a bar featuring topless dancers on a stage. The premises were altered so that what was once a kitchen area had been converted into a game room. There was evidence that the kitchen was never operational, walls were removed, and a stage was built for the dancers that had not been indicated on the petitioner's application. Based upon its investigation, the Authority commenced a proceeding to revoke the petitioner's license. At the hearing, the petitioner's principal candidly admitted that it was always his intention to operate a topless bar and that he deliberately misled the Authority about his intentions in order to obtain a liquor license. He also acknowledged that the books and records of the establishment were never maintained on the premises.

Based upon the admissions of the petitioner's principal and the testimony adduced at the hearing, there is substantial evidence in the record to support the determination that the petitioner failed to keep and maintain adequate books and records upon the premises, and made substantial unauthorized alterations of the premises which materially affected the character of the premises (see, Alcoholic Beverage Control Law § 106 [12]; § 99-d [1]). Moreover, the evidence adduced at the hearing was sufficient to support the respondent's findings that a person other than the petitioner's sole principal of record was acting as a corporate officer of the licensed premises, thereby violating Alcoholic Beverage Control Law § 99-d (2) by effecting a corporate change without having first obtained respondent's permission to do so (see, Matter of Shore Haven Lounge v New York State Liq. Auth., 44 AD2d 593, affd 37 NY2d 187). In light of all the circumstances, the cancellation of the petitioner's liquor license and the forfeiture of its bond was not a penalty so disproportionate to the offense as to be shocking to one's sense of fairness (see, Matter of Pell v Board of Educ., 34 NY2d 222). Thompson, J. P., Sullivan, Harwood and Balletta, JJ., concur.