■ In the Matter of BODY TALK LOUNGE, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [614 NYS2d 421] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent, dated October 23, 1992, which, after a hearing, revoked the petitioner's liquor license and imposed a $1,000 bond claim.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

Edward Ingeneri, the sole director, officer, and shareholder of the petitioner Body Talk Lounge, Inc., previously was the sole director, officer, and shareholder of Bull's Eye, Inc., a corporation which operated a tavern. On April 2, 1990, the respondent issued an order revoking the liquor license of Bull's Eye, Inc.; however, that revocation order was stayed pending determination of a proceeding pursuant to CPLR article 78 to review the determination. In the interim, the New York State Liquor Authority brought administrative proceedings against the instant petitioner on May 10, 1990, to revoke its liquor license pursuant to Alcoholic Beverage Control Law § 126 (5) (a), which prohibits from trafficking in alcoholic beverages any "person who shall have had any license issued under this chapter revoked for cause, until the expiration of two years from the date of such revocation". Revocation was sought on the ground that Edward Ingeneri, president of the petitioner, also was the president of Bull's Eye, Inc., and thus was a person forbidden to traffic in alcoholic beverages by reason of the revocation of the license of Bull's Eye, Inc. The revocation proceeding against the petitioner was held in abeyance due to the issuance of the judicial stay of execution of the revocation of the license of Bull's Eye, Inc. That stay terminated with this Court's decision and judgment dated March 2, 1992, which confirmed the determination revoking the license of Bull's Eye, Inc., and dismissed the proceeding on the merits (see, Matter of Bull's Eye v New York State Liq. Auth., 181 AD2d 676, mod on other grounds 183 AD2d 822). Thereafter, the revocation proceeding against the petitioner was continued, and on October 23, 1992, the order of revocation under review was issued.

Contrary to the petitioner's contention, there is substantial evidence to support the determination that the petitioner violated Alcoholic Beverage Control Law § 126 (5) (a). The petitioner's claim that the two-year period set forth in Alcoholic Beverage Control Law § 126 (5) (a) expired on April 2, 1992, two years after issuance of the revocation order against Bull's Eye, Inc., is without merit, since enforcement of that order was stayed, and the revocation of the license of Bull's Eye, Inc., did not become effective until that order was confirmed by decision and judgment of this Court dated March 2, 1992. Under the clear language of the statute, the petitioner was barred from trafficking in alcoholic beverages for a two-year period after March 2, 1992. Hence, the revocation proceeding was both timely and valid. Moreover, the fact that the liquor license of Bull's Eye, Inc., expired of its own accord

during the pendency of the prior CPLR article 78 proceeding is irrelevant.

The petitioner further contends that it was charged under the wrong section of the statute and that it is not the "person" whose license was revoked in the previous proceeding. However, the petitioner never advanced this contention before the Administrative Law Judge during the revocation proceeding, despite having ample opportunity to do so. In any event, the argument is unpersuasive. For the purposes of Alcoholic Beverage Control Law § 126 (5) (a), when an individual employs corporate entities as his or her alter egos for the purpose of trafficking in alcoholic beverages, as in this case, the individual and the corporate entities effectively constitute one "person" (see generally, Alcoholic Beverage Control Law § 3 [22]). Accordingly, by reason of the revocation of the license of Bull's Eye, Inc., Mr. Ingeneri was a person forbidden to traffic in alcoholic beverages, and the petitioner's license could be revoked on that basis (see generally, Matter of Colonial Liq. Distribs. v O'Connell, 295 NY 129).

Finally, the penalty of revocation is neither unduly severe nor so disproportionate to the offense as to shock the court's sense of fairness (see generally, Matter of Pell v Board of Educ., 34 NY2d 222). Sullivan, J. P., Lawrence, Pizzuto, Joy and Goldstein, JJ., concur.