In the Matter of GLENRAM WINE & LIQUOR CORP., Respondent, v. JOHN F. O'CONNELL et al., Constituting the State Liquor Authority, Appellants, and GLENS FALLS INDEMNITY COMPANY, Respondent.

Argued April 8, 1946; decided May 29, 1946.

Alvin McKinley Sylvester, Harry F. Karst and Jack Reinstein for appellants. I. Matter of Colonial Liquor Distributors, Inc., v. O'Connell (295 N. Y. 129) requires a reversal of the order of the Appellate Division in this case. (Matter of Gelces v. State Liquor Authority, 154 Misc. 517.) II. Petitioner violated subdivision 10 of section 104 of the Alcoholic Beverage Control Law in failing to keep on the licensed premises accurate books and records and in failing to record on its invoices the true prices at which alcoholic beverages were sold. (Matter of Savoy Associates, Inc., v. Valentine, 266 App. Div. 63; Matter of Yates v. Mulrooney, 245 App. Div. 146.) III. The refusal of the authority to issue a renewal of petitioner's license was amply sustained by the record and constituted a proper and lawful exercise of the discretion vested in it by law. (Reckler v. Quinn, 280 N. Y. 768; Matter of Wilson, 280 N. Y. 770; Matter of Blankfein, 273 N. Y. 588; Matter of Grossbard, 245 App. Div. 720; Matter of Panzella, 255 App. Div. 864; Crowley v. Christensen, 137 U. S. 86; Matter of Oval Bar & Restaurant, Inc., v. Bruckman, 177 Misc. 244; Matter of Tammaro v. Bruckman, 173 Misc. 958; Matter of Obert v. Mulrooney, 244 App. Div. 710; Matter of Salomone v. Mulrooney, 244 App. Div. 780; Matter of Caputo v. Mulrooney, 247 App. Div. 865.) IV. The appeal is not academic. (Bush v. O'Brien, 164 N. Y. 205; People ex rel. Albrecht v. Harnett, 221 App. Div. 487; People v. Marks, 64 Misc. 679.) V. The order annulling the determination of the authority disapproving the application for a renewal of petitioner's license is a final order and the appeal lies as of right. (Matter of Colonial Liquor Distributors, Inc., v. O'Connell, 295

N. Y. 129.) VI. Any action or conduct which violates the expressed purpose of the Alcoholic Beverage Control. Law as set forth in section 2 thereof constitutes cause for the cancellation of a license issued under such law. (*Matter of Menick* v. *Bruckman,* 279 N. Y. 795; *Matter of Conomon* v. *State Liquor Authority,* 278 N. Y. 591.)

*Julian Jawitz* and *Daniel J. Riesner* for petitioner-respondent. I. *Matter of Colonial Liquor Distributors, Inc.,* v. *O'Connell* (295 N. Y. 129), requires an affirmance of the order of the Appellate Division. (*Matter of Gelces* v. *State Liquor Authority,* 154 Misc. 517; *Matter of Lyman,* 163 N. Y. 536.) II. The authority has invoked the penalty of cancellation although the statute in some cases speaks only of revocation. (*Matter of Barreca* v. *O'Connell,* 269 App. Div. 952; *Matter of Esbeco Distilling Corp.* v. *Bruckman,* 261 App. Div. 1067; *Matter of Adamkiewicz* v. *Bruckman,* 251 App. Div. 821; *Matter of Westport Tavern, Inc.,* v. *Bruckman,* 252 App. Div. 746; *People ex rel. Szydlowsky* v. *Bruckman,* 248 App. Div. 810.) III. The record discloses no violations of subdivision 10 of section 104 of the Alcoholic Beverage Control Law. IV. By lapse of time the appeal herein has become academic. The license periods in question have both expired. (*People ex rel. Geer* v. *Common Council of Troy,* 82 N. Y. 575; *Matter of Brooks,* 119 App. Div. 780; *Matter of Clurman,* 261 App. Div. 832; *Dyer* v. *Silkman,* 227 N. Y. 624; *Matter of Board of Water Supply of the City of New York,* 233 N. Y. 611; *Gise* v. *Brooklyn Society for Prevention of Cruelty to Children,* 262 N. Y. 114.) V. The appeal from the portion of the appellate order which refers the matter back for reconsideration, does not lie as of right, and should be dismissed. (*Matter of Simmons* [*Catskill Aqueduct*], 206 N. Y. 577; *Matter of Gazdun* v. *Bruckman,* 280 N. Y. 621; *Matter of Begent* v. *Noyes,* 284 N. Y. 229.)

*George F. Blake* for Glens Falls Indemity Company, respondent. I. To hold a surety liable the acts committed must be within the terms of the surety's contract. (*Fidelity & Casualty Co. of N. Y.* v. *Zappolo,* 153 Misc. 258; *Clement* v. *Reavley,* 126 App. Div. 215; *State of Ohio* v. *Inland Bottling Co.,* 142 Ohio St. 189.) II. The surety is only liable for acts committed within the terms of its contract. (*Matter of Van Bokkelen,* 285

N. Y. 189; *Van Schaick* v. *American Surety Co.*, 252 App. Div. 489.) III. The determination of the State Liquor Authority insofar as it forfeits the bond filed in pursuance to section 112 should be annulled and the order appealed from should be affirmed.

THACHER, J. We think the questions presented on this appeal are of importance in the administration of the Alcoholic Beverage Control Law and in the future conduct of the business of respondent and other licensees under said law. Accordingly, we reject the suggestion that the appeal should be dismissed as moot (*Matter of Lyon Co.* v. *Morris*, 261 N. Y. 497, 499).

After a hearing in connection with proceedings to revoke petitioner-respondent's wholesale liquor license, the State Liquor Authority found that the licensee sold liquor at prices in excess of the ceiling prices fixed by the Office of Price Administration; that the licensee and one of its officers and two employees were convicted for these offenses; that the licensee violated section 104, subdivision 10, of the Alcoholic Beverage Control Law by failing to keep on its licensed premises adequate and accurate books and records of all transactions involving the business transacted by the licensee, and that the licensee, in violation of section 101-a, subdivision 2, of the Alcoholic Beverage Control Law, made a sale on credit to one F. Kealty. There were further findings that the conduct of the licensee and of its officers was not conducive to the proper regulation and control of the traffic in alcoholic beverages and not in furtherance of the objects of the Alcoholic Beverage Control Law, and that, by reason of its conduct and the conduct of its officers and employees, the licensee was unfit to hold a license to traffic in alcoholic beverages.

There was sufficient evidence to sustain the findings of the State Liquor Authority with reference to inaccuracy and inadequacy of the books, the licensee having pleaded guilty to sales above ceiling prices which were entered on the books at ceiling prices. There was also evidence of a sale on credit to F. Kealty of one case of whiskey for $34.03, and the licensee's credit manager admitted that a mistake had been made in shipping the merchandise on credit. However, it does not appear that the sale was knowingly, willfully or intentionally

made after receipt of a delinquent list showing the purchaser to be delinquent.

The proceedings before the State Liquor Authority were denominated "proceedings to revoke" the license in the notice of hearing served by order of the Liquor Authority, in the answer of the authority and in the rules and statement of causes for revocation annexed to the answer. The determination of the authority was that the license be cancelled as of February 28, 1945, and surrendered to the authority. Petitioner-respondent applied for a renewal license and the application was denied by the authority. These determinations were annulled in the Appellate Division on November 14, 1945, and the matter was remitted to the State Liquor Authority for consideration of the issuance of a license to the petitioner for the period terminating February 28, 1946.

The case of *Matter of Colonial Liquor Distributors* v. *O'Connell* (295 N. Y. 129) was decided by this court on January 17, 1946. In an attempt to escape the effect of our decision in that case, counsel for the State Liquor Authority emphasizes the fact that the authority cancelled the petitioner's license and directed its surrender but did not revoke this license and upon this verbal distinction predicates the contention that the authority may cancel the license for any cause, in addition to those specified in the act itself, which it may believe warrants the cancellation of the license. We find no support for this contention either in the provisions of the law or in the well-understood meaning of the words used. "Cancellation" and "revocation" are very closely synonymous. To cancel means to deface or obliterate a writing by drawing lines across it latticewise and with reference to legal documents it means to annul, render void or invalid by so marking. Similarly, to revoke means to recall, and, with reference to privileges, "to annul, repeal, rescind, cancel" (Oxford Dictionary). In Bouvier's Law Dictionary "cancellation" is defined as the act of crossing out a writing; the manual operation of destroying a written instrument, and "revocation" as meaning the recall of a power or authority conferred or the vacating of an instrument previously made. Similar meanings will be found in the Century Dictionary, and Blackstone, in Commentaries II (ch. XXIII, p. 376), says that a devise may be revoked by burn-

ing, canceling, tearing or obliterating thereof by the devisor or in his presence and with his consent. Thus it is apparent that "cancellation", as applied to the termination and surrender of a license, is merely a form of revocation and the word is apparently so used in the statute and has been so understood by the authority until this contention was advanced to overcome the effect of the decision in the *Colonial* case (*supra*). Instances of such usage appear in the record in the instant case and other instances are referred to in the respondent's brief. We find nothing in the statute to warrant the contention that statutory rules relating to the revocation of licenses may be avoided by commencing a proceeding to revoke and ending it with an order of cancellation and surrender, as was done in this case. Plainly the purpose and effect is to cancel and to revoke. Involuntary cancellation and surrender of a license is nothing short of revocation.

As in the *Colonial* case (*supra*), it seems clear that the authority predicated its determination largely upon violations of the Federal statute in denying the application for a new license and revoking the old. We hold, as we did in that case, that the authority was without power to revoke or cancel the license because of sales above ceiling prices in the absence of any notice to the licensee pursuant to subdivision 5 of section 114 of the Alcoholic Beverage Control Law that such sales would constitute cause for revocation, and reaffirm our decision that a license may be suspended or revoked in proper cases for acts occurring during a prior licensing period.

Insofar as the order appealed from directed consideration of the application for the issuance of a license, it did not finally determine a special proceeding and the appeal predicated upon subdivision (3) of section 7 of article VI of the Constitution should be dismissed, with costs, because, under the Alcoholic Beverage Control Law, hearings are not contemplated in connection with the consideration of applications for the issuance of licenses. Accordingly, we have no jurisdiction to review that part of the order, either on the appeal as of right or on the stipulation for an order absolute.

Upon the appeal from the order of the Appellate Division, insofar as such order annulled the cancellation of the license, the order should be reversed, without costs, and the matter

remitted to the State Liquor Authority for further proceedings not inconsistent with this opinion; otherwise, the appeal should be dismissed.

Upon the appeal with stipulation for order absolute, the appeal should be dismissed, with costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND and DYE, JJ., concur.

Ordered accordingly.