Dore, J.
This is a proceeding under article 78 of the Civil Practice Act, to review determination of the State Liquor Authority (1) canceling and refusing to reinstate petitioner’s license for the sale of wine and liquor at retail for off-premises consumption; (2) disapproving application for renewal, and (3) disapproving application for reconsideration and issuance of a new retail license. Petitioner asks the court to annul the determination and direct the authority to issue petitioner a renewal or a new license.
Petitioner had been doing business under a “ package store ” liquor license at the premises 575 Seventh Avenue on the corner of West 41st Street, New York, N. Y., for about twelve years. Its license was first issued in-1933, and thereafter renewed each year from 1934 to 1944. It had built up a substantial business of between $750,000 to $1,000,000 a year.
After hearings before a deputy commissioner in proceedings “ to revoke ” the license, the State Liquor Authority on March 2, 1945, “ cancelled ” the license, finding (1) that the licensee sold liquor at prices in excess of the ceiling prices fixed by the Office of Price Administration resulting in conviction in the Federal court of the licensee corporation and its president Lipman, on June 13, 1944; (2) that the license violated subdivision 15 of section 105 of the Alcoholic Beverage Control Law in failing to keep adequate books and records of all transactions in the business, and (3) that the licensee violated subdivision 13 of section 105 of that law in selling or delivering on specified dates liquor in quantities in excess of three gallons at one and the same time. The order of cancellation also found -that the conduct of the business in selling liquor at prices in excess of the ceiling prices was not conducive to the proper control of traffic in alcoholic beverages and that such conduct rendered petitioner unfit to hold a license.
The- record indicates that the O.P.A. violations were the starting point of the investigation and the chief basis of the charges, the resulting cancellation of and refusal to renew the license. In Matter of Colonial Liquor Distributors v. O’Connell (295 N. Y. 129, 137-138) the Court of Appeals has expressly ruled that a license under the Alcoholic Beverage Control Law may not be revoked for violations of O.P.A. regulations. This ruling was on the two-fold ground (1) that the law, section 118, specifies eight causes for which a license must be revoked and selling at prices in excess of ceiling prices is not included, and (2) that the statements furnished by the Liquor Authority under the mandate of subdivision 5 of section 114 of the *61 Alcoholic Beverage Control Law did not specify violation of ceiling price regulations as a cause for revocation.
On this appeal the authority attempted to distinguish the Colonial case on the ground that here the license was not “ revoked ” but only “ cancelled ” and that there is a valid and substantial distinction between revocation and cancellation. Since the argument of the appeal, that contention has been overruled by the Court of Appeals. (Matter of Glenram Wine & Liquor Corp. v. O’Connell, 295 N. Y. 336.) In that case the court held that, for the claimed distinction here relied on, there was no support either in the law or in the well-understood meaning of the words “ cancellation ” and “ revocation.” The Court of Appeals said: “ Thus it is apparent that ‘ cancellation ’, as applied to the termination and surrender of a license, is merely a form of revocation and the word is apparently so used in the statute and has been so understood by the authority until this contention was advanced to overcome the effect of the decision in the Colonial case (supra). * * * Plainly the purpose and effect is to cancel and to revoke. Involuntary cancellation and surrender of a license is nothing short of revocation. ’ ’
These controlling and clearly applicable rulings of the Court of Appeals establish that the authority was without power to cancel, revoke or refuse to renew petitioner’s license because of the main charge here relied on, viz., sales above ceiling prices. Accordingly the only charges that survive are (1) failure to keep accurate books (which in part is related to and subsidiary to the main charge), and (2) sale of excess quantities of liquor on specified occasions.
After its license had been cancelled and the State Liquor Authority had disapproved a first application for renewal, Lipman was removed as president and officer of petitioner and neither he nor any member of his family held any office • or stock after June 29, 1945. Because of Lipman’s complete removal the blew York City Alcoholic Beverage Control Board refused to disapprove a new application on August 3, 1945, because of the Federal violations, but disapproved solely on the ground that petitioner’s store was “ a coiner store.” Petitioner had been in that corner store for twelve years without objection and the action of the local board was apparently pursuant to a new instruction of the State Liquor Authority to local boards not to approve licenses for corner stores. At subsequent hearings before the state deputy commissioner in August, 1945, reviewing the action of the local *62 board, petitioner offered to make such alterations as the authority considered necessary to eliminate the corner store feature entirely. Those hearings were devoted almost completely to other matters which were not made the basis of any action by the authority. The only reason given for final disapproval was that the premises were on the same avenue within 1,500 feet of other premises to which a similar license had been issued, and that public advantage would not be served by approval.
The final order of disapproval is dated August 30,1945. The authority’s answer states that this decision to refuse a license to petitioner was made on August 29, 1945, the same day that the authority decided to grant a license to certain other applicants, Fugazy and Greene, whose store was within 1,500 feet of petitioner’s. This action was taken about nine days after the hearing on petitioner’s application. It seems, however, that on an amended application by Fugazy the license to him and his associates was not actually issued until October 9, 1945.
It is clear that the authority began its investigation and predicated its action largely upon the Federal violations which under the ruling of the Court of Appeals are not a valid basis for cancellation, revocation or refusal to issue a new license.
The determination of the authority should "be annulled, with $50 costs and disbursements to the petitioner, and the matter remitted to the State Liquor Authority with directions to hold a rehearing and thereafter to take such proceedings as may be proper, not inconsistent with this opinion.
Martin, P. J., Townley, Glennon and Cohn, JJ., concur.
Determination unanimously annulled, with $50 costs and disbursements to the petitioner, and the matter remitted to the State Liquor Authority with directions to hold a rehearing and thereafter to take such proceeding as may be proper, not inconsistent with opinion. Settle order on notice.