Martin, P. J.
The petitioners operate nine restaurants as a single integrated enterprise. They have been licensed by the State Liquor Authority since the repeal of the Eighteenth Amendment to the Federal Constitution, and are presently operating under licenses granted for the period March 1, 1946, to February 28,1947. The licenses were cancelled by the State Liquor Authority on December 4,1946. A proceeding to review the determination of the State Liquor Authority resulted in a decision of this court annulling the determination and remitting the proceeding to the Authority for further action (ante, p. 641). An appeal was taken to the Court of Appeals but it has not been determined.*
On January 24, 1947, petitioners filed applications for renewals of licenses for the period March 1, 1947 to February 28,1948. The New York City Alcoholic Beverage Control Board recommended disapproval of the applications. A hearing was held before the State Liquor Authority on February 5, 1947 and on February 13, 1947, the applications for renewals were disapproved on the following grounds: “ (a) that Henry Lustig and E. Allan Lustig had attempted to evade income taxes, (b) that they had been convicted in the Federal Courts of the Federal felonies of attempting to evade income taxes and conspiracy, and (c) that they had made false entries in keeping books of the corporations involved herein.” This proceeding followed.
The petitioners urge that the grounds for refusal to renew are insufficient. They argue that this court has held in Matter *686 of Ilsa Wine & Liquor Corp. v. O’Connell (271 App. Div. 58) that refusal to renew could not be predicated upon grounds which would be insufficient justification for revocation or cancellation of an existing license. Reliance is placed also on Matter of Glenram Wine & Liquor Corp. v. O’Connell (271 App. Div. 166).
It has been repeatedly held that an. application for a renewal is to be regarded in exactly the same manner as an application for a new license.
The facts in Matter of Ilsa Wine & Liquor Corp. v. O’Connell (supra) indicate that that case was not intended to hold what the petitioners urge. It appears that the application for renewal was disapproved because of the previous cancellation of the license for violation of a regulation of the Office of Price Administration. Since the previous cancellation was held to have been invalid it was proper in that case to direct the State Liquor Authoriy to consider the application for renewal de novo. The holding on the ¡facts of the lisa case would, in no event, bar a denial of the application on the facts in this case.
The court in Matter of Ilsa Wine & Liquor Corp. (supra) cited Matter of Colonial Liquor Distributors v. O’Connell (295 N. Y. 129) and Matter of Glenram Wine & Liquor Corp. v. O’Connell (295 N. Y. 336). In the Colonial case there was no question of renewal and in the Glenram case the Court of Appeals refused to pass on the action of the State Liquor Authority in disapproving the application for a renewal because there had not been a final determination and the matter was remitted to the State Liquor Authority for further proceedings not inconsistent with the opinion of the Court of Appeals. The cases cited, therefore, are not authority for the proposition that a renewal may be refused only for any reason which would war- ' rant cancellation.
The respondents concede that the State Liquor Authority has not specified violation of the Federal criminal laws or the keeping of false corporate books as a discretionary cause for revocation and in accordance with the holding in the Colonial Liquor Distributors case such violations could not constitute a cause for revocation of a license. It is contended .by the respondents that their determination is taken pursuant to the provisions of sections 2 and 17 of the Alcoholic Beverage Control Law which gives the State Liquor Authority the right to determine whether the public interest will be served by the issuance of the license. Respondents argue that any holding that refusal to renew a license or issue a new license must be based
*687 on the same causes as would authorize revocation or cancellation would nullify the provisions of sections 2 and 17 of the Alcoholic Beverage Control Law. There is support for this contention in Matter of College Point Wine & Liquors, Inc., v. O’Connell (296 N. Y. 752) which reversed this court. ■ There the petitioner’s license was cancelled for failure to disclose three ' arrests on trivial charges. This court held that the failure to disclose was not a false statement of a material matter. The Court of Appeals held otherwise, thus indicating that the State Liquor Authority could refuse a license because of the petitioner’s arrest record. It is for the State Liquor Authority to determine whether the public interest will be served by a particular license. Unless it is made to appear that there is no substantial reason for the exercise of discretion, the courts will not interfere.. The right of a similar administrative body to pass on the question of public interest was considered in the United States Supreme Court in Federal Communications Commission v. WOKO, Inc. (329 U. S. 223). In that case the commission refused to renew a license because of misrepresentation. The Court of Appeals for the District of Columbia reversed but the Supreme Court upheld the decision of the commission.
The Supreme Court said in part: “ But it is the Commission, not the courts, which must be satisfied that the public interest will be served by renewing the license. And the fact that we might not have made the same determination on the same facts does not warrant a substitution of judicial for administrative discretion since Congress has confided the problem to the latter. We agree that this is a hard case, but we cannot agree that it should be allowed to make bad law.”
It may not be said that the action of the State Liquor Authority is capricious. The record discloses the defrauding of the Federal Government of millions of dollars over a period of five years. There is sufficient to justify the conclusion of the State Liquor Authority that the nature of the fraud, its long duration, the means employed as well as the character, background and record of law violation of the petitioners’ officers, were such that to permit them to .continue selling Equor would create a high degree of risk in the administration of the Alcoholic Beverage Control Law.
The respondents may not be estopped because they issued a license for the period ífarch 1, 1946 to February 28, 1947, with knowledge of the indictment of the petitioners’ officers. The full factual situation was not disclosed until the trial.
*688 Neither may it be-said that the respondents are estopped because of their issuance of the warehouse permit a’s that permit was renewed pursuant to a stipulation which recited that it was being granted to maintain the status quo and without prejudice to any rights of the State Liquor Authority in the proceeding-involving the cancellation of all of the licenses.
The determination should be confirmed, with $50 costs and disbursements to the respondents.
Dobe, Callahan and Peck, JJ., concur; Glennon, J., dissents and votes to annul the determination.
Determination confirmed, with $50 costs and disbursements.

 See Matter of Restaurants & Patisseries Longchamps, Inc., v. O’Connell, 296 N. T. 239.— [Rep.