■ Isidore Elfand, Plaintiff, v. George Mussler, Respondent, and Chemical Corn Exchange Bank, Appellant.— Order, entered on June 13, 1962, denying appellant's motion for summary judgment, unanimously reversed on the law, with $20 costs and disbursements to the appellant, the motion granted, and the cross complaint dismissed, with $10 costs. This contract action was brought against the respondent George Mussler and John J. Dorr, copartners doing business as East Coast Swimming Pool Company, and the appellant Chemical Corn Exchange Bank. Respondent Mussler cross-claimed against the appellant bank, alleging that pursuant to a dealer's agreement executed on behalf of the swimming pool company an escrow fund had been created with the bank to pay creditors of the company. The respondent therefore demanded that in the event the plaintiff was successful the bank pay the amount of the judgment from such escrow account. A partnership dissolution agreement annexed to the answer of the respondent indicates that he assigned his interest in the company to his partner in 1957, thereby relinquishing any claim to the afore-mentioned fund. No triable issue of fact remains, and the cross complaint is dismissed. Concur — Botein, P. J., Breitel, Rabin, Stevens and Steuer, JJ.

■ In the Matter of Piccolo Club, Inc., Petitioner, v. State Liquor Authority, Respondent.— Determination of the New York State Liquor Authority canceling the restaurant liquor license of petitioner unanimously confirmed and the petition dismissed, without costs. Some of us are of the opinion that the penalty imposed was harsh. We are informed by the Authority, however, that the cancellation of a license does not preclude the making of an application for a new license after any specified period of time, as is the case when a license is revoked (Alcoholic Beverage Control Law, § 126, subd. 5, par. [a]). We assume the Authority advisedly did not revoke petitioner's license, which would have the effect of foreclosing it from procuring a new license for at least two years. Concur — Botein, P. J., Breitel, Rabin, Valente and Stevens, JJ.

(Republished)

■ Hugh P. Carolan, as Administrator of the Estate of Honore A. R. Carolan, Deceased, Respondent, v. Joseph B. Altruda et al., Appellants.— Order, entered on December 11, 1961, setting aside the verdict for defendants, unanimously reversed on the law and the verdict reinstated, and judgment granted for defendants, with costs. Settle order on notice. [17 A D 2d 211.] Concur — Breitel, J. P., Stevens, Eager, Steuer and Bergan, JJ.