In the Matter of CARMEN AGNELLO, Doing Business as GORGE GRILL, Petitioner, *v.* STATE LIQUOR AUTHORITY, Respondent.

Fourth Department, May 15, 1969.

*Orr, Brydges, Orr & Dowd (John G. Dowd* of counsel), for petitioner.

*Hyman Amsel (David Coffey* of counsel), for respondent.

GOLDMAN, P. J. Petitioner seeks to annul a determination of the respondent State Liquor Authority which canceled petitioner's on-premises license by reason of charges of " disorderly conduct and public intoxication and improper conduct " com-

mitted by petitioner while off the licensed premises. The Authority's bill of particulars alleged that petitioner, while seated in his automobile in the early hours of the morning at a point distant from the licensed premises, spat upon a police officer, called the officer obscene names and attempted to kick him. Petitioner was thereupon arrested on charges of "disorderly conduct and public intoxication and improper conduct". These charges were dismissed after a trial in the Criminal Division of the City Court. The cancellation order effective September 24, 1968 recited that the hearing officer had found that the licensee's conduct on the night in question was such "as to warrant revocation, cancellation or suspension of his license in accordance with Rule 36, subdivision 14 of the Rules of the State Liquor Authority" (9 NYCRR 53.1 [n]). The license would have expired in the normal course of events one week later, for the renewal period commenced October 1.

As a part of the proceedings, the Authority introduced the record of the "Adverse History of Licensee". This indicated that since the original issuance date of the license, April 14, 1961, the only substantial adverse incident, resulting in a 30-day suspension, 10 days of which were deferred, occurred on May 28, 1965 when the petitioner "suffered or permitted the licensed premises to become disorderly on June 8, 1964, in that he used foul, abusive and profane language and that he assaulted a police officer". It is of some significance that the police officer involved in the present proceeding was the same police officer involved in the May 28, 1965 incident.

We do not excuse or condone the alleged conduct of the petitioner on October 13, 1967. However, petitioner contends, we believe with some merit, that the measure of penalty imposed by the Authority for this incident, which occurred several miles from the licensed premises and which was in no way connected with the operation of the premises, was too severe and was an abuse of the Authority's discretion. In our judgment, bearing in mind the particular circumstances of petitioner's record since 1961, a suspension of 30 days would have been sufficient and more appropriate punishment (CPLR 7803, subd. 3). While revocation and involuntary cancellation are considered synonymous for such purposes as procedural requirements (*Matter of Glenram Wine & Liq. Corp.* v. *O'Connell*, 295 N. Y. 336; *Matter of Colonial Liq. Distrs.* v. *O'Connell*, 295 N. Y. 129; *Matter of Ilsa Wine & Liq. Corp.* v. *O'Connell*, 271 App. Div. 58), there is a distinction for the purposes of renewal. Under subdivision 3 of section 17 of the Alcoholic Beverage Control Law, the Authority is given the power "to revoke, cancel or suspend

for cause any license ''. The same multiplicity of terms appears in other sections of the statute, such as subdivision 1 of section 119, subdivision 4 of section 121, and section 127-c. However, in the statutory disqualification for renewal purposes relating to both premises and persons, the single term '' revoked '' is used; viz., section 113 permits the Authority to refuse to issue a new license for two years '' where a license for any premises has been revoked ''; and paragraph (a) of subdivision 5 of section 126 and subdivision 6 of section 126 forbid licensing for two years of persons or corporations who or which have '' had any license issued  *  *  *  revoked for cause ''.

The Authority itself construes the law as distinguishing the two procedures for purposes of renewal. In an appeal from a cancellation of a restaurant liquor license, in *Matter of Piccolo Club* v. *State Liq. Auth.* (18 A D 2d 658), the court confirmed the determination, despite reservations on the harshness of the penalty, because they were '' informed by the Authority  *  *  *  that the cancellation of a license does not preclude the making of an application for a new license after any specified period of time, as is the case when a license is revoked (Alcoholic Beverage Control Law, § 126, subd. 5, par. [a]). We assume the Authority advisedly did not revoke petitioner's license, which would have the effect of foreclosing it from procuring a new license for at least two years.'' (See, also, 1935 Opns. Atty. Gen. 169–170.) In cases of minor infractions the Authority '' cancels a license instead of revoking it, in order that the licensee may not be subjected to the two year bar ''.

In a sense this matter has become academic, for petitioner's 1968 license would have expired one week after it was cancelled and petitioner would have been required to apply for renewal for the new license period starting October 1, 1968. Petitioner could have applied at any time since cancellation and is presently entitled to apply for a new license, notwithstanding the cancellation of his license. The reduction of the penalty on the ground that the misconduct did not relate to the licensed premises and, therefore, did not justify the harsh punishment of cancellation (*Matter of Mojica* v. *State Liq. Auth.*, 29 A D 2d 564) would not restore the license even prospectively, but would have some bearing on a new application. If petitioner had made application for renewal of his license 30 days after its cancellation and the Authority had denied renewal solely by reason of the incident of October 13, 1967, and the '' Adverse History of Licensee '', we would have been constrained to annul the determination. (Cf. *Matter of 125 Bar Corp.* v. *State Liq. Auth.*, 24 N Y 2d 174.) We make mention of this for the future

guidance of the Authority in the event of a renewal application by petitioner. (Cf. *Matter of Glenram Wine & Liq. Corp.* v. *O'Connell,* 295 N. Y. 336, 340, *supra.*)

The determination of the State Liquor Authority should be confirmed.

MARSH, WITMER, BASTOW and HENRY, JJ., concur.

Determination unanimously confirmed without costs.