■ ROB TESS RESTAURANT CORP., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Proceeding to review the determination of the State Liquor Authority dated December 15, 1978, canceling the petitioner's liquor license effective February 2, 1979, unanimously dismissed as moot, without costs or disbursements. Petitioner was charged with allowing the licensed premises to become disorderly on May 3, 1978 by suffering or permitting an assault in violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law. Petitioner was further charged with failing to maintain adequate books and records of the business conducted on the licensed premises in violation of subdivision 12 of section 106 of the Alcoholic Beverage Control Law. The assault on May 3, 1978 concededly occurred between a State Liquor Authority investigator and the bartender on the premises. The exact details of how the assault occurred are in dispute, but it is not controverted that this is the only assault which occurred on the premises. The duration of the assault was about two minutes. Petitioner concededly failed to record the bartender as an employee. The bartender worked but one or two times a week for a period of about one year. The ledger related to the licensed premises was missing. That book was subsequently surrendered to the Liquor Authority. At the threshold, we note that we are bound to dismiss this proceeding as moot. Cancellation of the license, originally scheduled for February 2, 1979, was stayed by court order until determination of the review proceeding, or February 28, 1979, whichever came sooner. The proceeding was argued on February 22, 1979. Petitioner's license, issued for premises located in New York County, expired automatically on February 28, 1979 (Alcoholic Beverage Control Law, § 67, subd 1, par [b]), and we are not empowered to extend the license beyond that expiration date. We note, however, that the assault charge involved a single incident of extremely short duration. In this case, the petitioner's principal or members of his family have operated the premises for 37 years without any untoward incident. While we agree that there was substantial evidence to support the fact finding of the referee, we cannot under these circumstances find justification for imposing the severe sanction of cancellation for a single assault which lasted only two minutes. Furthermore, the conceded failure to record the bartender as an employee (albeit a part-time one) for a period of over a year, and the failure to keep the books of the petitioner on the premises, though warranting imposition of a sanction, does not warrant cancellation of the license. Were we not

dismissing the proceeding as moot, we would have reduced the sanction to 30 days' suspension for both violations. Concur—Kupferman, J. P., Sandler, Sullivan, Lane and Bloom, JJ.