■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL NABHOLZ, Appellant.—Judgment, Supreme Court, New York County, rendered on June 1, 1978, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur—Kupferman, J. P., Fein, Sullivan and Markewich, JJ.

■ MASSIVE ECONOMIC NEIGHBORHOOD DEVELOPMENT INC., Appellant, v HUMAN RESOURCES ADMINISTRATION OF THE CITY OF NEW YORK, Respondent. —Judgment, Supreme Court, New York County, entered on December 2, 1977, unanimously affirmed for the reasons stated by Sutton, J., at Special Term, without costs and without disbursements. Concur—Kupferman, J. P., Fein, Sullivan and Markewich, JJ.

■ FOUAD C. ANTOUN, Appellant, v GARY KROSSICK et al., Respondents, et al., Defendant.—Order, Supreme Court, New York County, entered on September 1, 1978, unanimously affirmed on the opinion of Asch, J., at Special Term. Respondents shall recover of appellant $50 costs and disbursements of this appeal. Concur—Kupferman, J. P., Fein, Sullivan and Markewich, JJ.

■ ROB TESS RESTAURANT CORP., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—The letters by counsel for the State Liquor Authority, dated March 16, 1979, and counsel for the petitioner, dated March 22, 1979, are deemed by the court to be an application for clarification of our memorandum decision dated March 8, 1979 [68 AD2d 821]. The motion is granted. We adhere to our original decision in all respects. We reaffirm our view that the cancellation was improper, and that suspension for 30 days was the greatest penalty that should have been imposed. We note that the alleged outstanding cancellation of petitioner's license never took effect because of judicial stays and fell of its own weight on February 28, 1979, the date when the license expired by statutory mandate (Alcoholic Beverage Control Law, § 67, subd 1, par [b]). What is now before the State Liquor Authority is an expired license which the State Liquor Authority may renew upon appropriate application (Alcoholic Beverage Control Law, § 109; State Liquor Authority Rules, 9 NYCRR 40.3 [b]). We further note that the intervening judicial proceedings delaying the application for renewal may constitute the "good cause" required to be shown by State Liquor Authority Rules (9 NYCRR 40.3 [b]). We believe that our original disposition should suffice to allow the State Liquor Authority to proceed on any renewal application as if we had reduced the penalty to a 30-day suspension. Concur —Sandler, Sullivan, Lane and Bloom, JJ.

Kupferman, J. P., concurs in part and dissents in part in a memorandum as follows: The counsel for the State Liquor Authority with commendable candor has told us that we could have simply reduced the penalty of cancellation to a suspension of 30 days and avoided the necessity for reargument. We should not have dismissed the proceeding as moot, but should rather have first found the penalty excessive and annulled the cancellation. I believe that we should simply take that approach, although the majority in its memo reaches the equivalent result.