■ In the Matter of CLEARVIEW INN, INC., Appellant, v STATE LIQUOR AUTHORITY et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review an amended determination of the respondent State Liquor Authority dated July 10, 1987, which suspended the petitioner's liquor license for a 10-day period and imposed a $1,000 bond forfeiture, the petitioner appeals from (1) an order of the Supreme Court, Queens County (Durante, J.), dated January 19, 1988, which denied its motion for reargument, and (2) a judgment of the same court, dated May 11, 1988, which dismissed the proceeding.

Ordered that the appeal from the order dated January 19, 1988 is dismissed, as (1) no appeal lies from an order denying reargument *(see, DeFreitas v Board of Educ.,* 129 AD2d 672), (2) an appeal may not be taken as of right from an order made in a proceeding pursuant to CPLR article 78 *(see,* CPLR 5701

[b] [1]), and (3) an appeal from an intermediate order must be dismissed upon entry of judgment in the action or proceeding *(see, Matter of Aho,* 39 NY2d 241, 248); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The petitioner Clearview Inn, Inc. operated a pub at 203-22 48th Avenue in Bayside, Queens. The liquor license for these premises was secured on June 2, 1983 and expired on May 31, 1986. On December 11, 1985, two beverage control investigators entered the pub and played a video game known as Joker-Poker. Each game cost 25 cents and after playing 20 games, one of the investigators received a credit for eight games thus allowing him to play 28 games for the price of 20 games.

On June 6, 1986, the petitioner submitted to the New York State Liquor Authority (hereinafter the SLA) a petition for removal from the Bayside location to 160-04 46th Avenue, Flushing, New York, because it had lost its Bayside lease. By notice of pleading and hearing, dated June 13, 1986, the SLA informed the petitioner that it was being charged with violating Alcoholic Beverage Control Law § 106 (6) based upon the December 11, 1985 use of the Joker-Poker machine for gambling. Thereafter, the SLA approved the removal petition on July 16, 1986, but specifically reserved its rights with respect to the pending disciplinary matter. The petitioner obtained a renewed liquor license for the Flushing premises effective July 16, 1986.

On February 6, 1987, a hearing was held and no objection was taken by the petitioner to the amendment of the caption of the proceeding to reflect the petitioner's new Flushing address. On May 28, 1987, the Hearing Officer found that the petitioner was guilty of violating Alcoholic Beverage Control Law § 106 (6). The SLA issued a memorandum decision adopting the Hearing Officer's findings and assessed a penalty of a 10-day suspension of the liquor license, and a $1,000 bond forfeiture and it ordered that the Joker-Poker machine be removed from the premises. The 10-day order of suspension together with the $1,000 bond forfeiture and removal of the Joker-Poker machine was initially sent to the petitioner at the Bayside address on July 7, 1987, but, on July 10, 1987, a "corrected" order of suspension was sent to the petitioner at the Flushing address.

The petitioner then commenced this CPLR article 78 proceeding by petition dated July 29, 1987. By memorandum decision dated November 6, 1987, the Supreme Court con-

cluded that in granting the petition for removal, the SLA had reserved all rights to proceed against the petitioner in the pending disciplinary matter. An appropriate judgment was issued on May 11, 1988.

Initially, we reject the petitioner's argument that the Flushing license was a "new" license rather than a renewal license. We note that the license numbers in both the Bayside and Flushing licenses are identical to the number used by the petitioner in its removal petition. Although the petitioner's Bayside license expired on May 31, 1986, the license was subsequently renewed when the SLA approved the removal petition. Such approval, however, was expressly conditioned upon the preservation of the SLA's rights to pursue the pending disciplinary proceeding. Since the SLA has the power to institute proceedings for illegal acts committed during a prior licensing period (see, *Matter of Glenram Wine & Liq. Corp. v O'Connell,* 295 NY 336), we find that the SLA properly imposed the suspension against the renewed license at the Flushing address.

We further reject the petitioner's argument that the SLA improperly ordered forfeiture of an expired bond. The forfeiture was clearly ordered against the bond required to be filed under 9 NYCRR 40.5 and 81.3, which mandate that a surety bond be posted to secure a license renewal.

Finally, we find that the corrected determination did not constitute an impermissible revision of a prior determination but was merely the correction of an error concerning the petitioner's address. Lawrence, J. P., Sullivan Harwood and Balletta, JJ., concur.