■ In the Matter of LA TRIESTE RESTAURANT & CABARET, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [644 NYS2d 7]

Although petitioner's premises are physically located within the Second Department, which has declared valid State Liquor Authority rule 36.1 (s) (9 NYCRR 53.1 [s]) prohibiting licensees from suffering or permitting female entertainers to expose a portion of the breast below the top of the areola, or a simulation thereof, within six feet of patrons, the "six-foot rule" (see, Matter of Vanda Hodge Pub v New York State Liq. Auth., 215 AD2d 35), this proceeding was properly commenced in this Department, which has declared the six-foot rule null and void for want of statutory authority to promulgate it (Jay-Jay Cabaret v State of New York, 215 AD2d 172, lv denied 87 NY2d 802). We adhere to that precedent, and decline to apply choice-of-law rules where the conflict is between Departments rather than States. Therefore, that part of respondent's determination as found a violation of the six-foot rule is annulled.

However, substantial evidence supports respondent's determination that petitioner had substantially altered the premises without its permission in violation of Alcoholic Beverage Control Law § 99-d (1), had effectuated a corporate change in its stockholders without first obtaining respondent's permission in violation of Alcoholic Beverage Control Law § 99-d (2), had used a trade name without respondent's permission in violation of State Liquor Authority rule 36.1 (p) (9 NYCRR 53.1 [p]), had failed to keep and maintain its books and records on the premises in violation of Alcoholic Beverage Control Law § 106 (12), and had permitted the premises to become disorderly by suffering or permitting lewd and indecent conduct thereon in violation of Alcoholic Beverage Control Law § 106 (6).

The 60-day suspension and $1,000 bond forfeiture is appropriate for these five different violations and we see no need to remand the action for reconsideration of the penalty, notwithstanding our annulment as to a sixth violation. Concur—Sullivan, J. P., Ellerin, Ross, Nardelli and Tom, JJ.