◼ In the Matter of Sharon A. Finch, Appellant, v Michael J. Dunn, Respondent. (And Another Related Proceeding.) [783 NYS2d 129]—

Peters, J. Appeal from an order of the Family Court of Otsego County (Coccoma, J.), entered May 23, 2003, which, inter alia, dismissed petitioner's applications, in two proceedings pursuant to Family Ct Act article 6, for a modification of a prior order of custody.

Petitioner and respondent are the biological parents of a daughter born in 1988. By order dated December 13, 1996, custody of the child was awarded to respondent in Otsego County where he resides with his wife and her three children. In August 1999, petitioner, living half the year in Florida and half the year in New Hampshire, petitioned for visitation. By consent order entered in February 2000, she was permitted, inter alia, to exchange letters, photographs and packages with the child and receive telephone calls at least twice a month. Aside from one supervised visit scheduled for July 2000, petitioner was awarded further supervised visitation as agreed between the parties. In July 2001, an amended order was entered on consent which provided that legal and physical custody of the child would be with respondent with visitation to petitioner, detailing specific dates in July and August 2001.

In January 2003, petitioner sought to acquire sole custody by alleging that the child had been subjected to verbal and physical abuse by her stepmother. On the same day, petitioner commenced a petition alleging that the February 2000 order had been violated by respondent's failure to permit appropriate telephonic or physical access to the child. After petitioner's testimony and a *Lincoln* hearing, Family Court dismissed both petitions. This appeal ensued.

With petitioner, as the movant, required to show a change in circumstances which would warrant a modification of the existing custody arrangement in the best interest of the child (*see Matter of Brown v White*, 3 AD3d 743, 744 [2004]; *Matter of Dickinson v Dickinson*, 309 AD2d 994, 995 [2003]), we agree that she failed to proffer even a scintilla of proof supporting her allegations. No documentary or testimonial evidence supported the abuse alleged by the stepparent and petitioner's own testimony demonstrated that respondent had encouraged the child to call, and that phone calls had been regularly received. Moreover, petitioner testified to an increase in visitation since the issuance of the February 2000 order.

Petitioner's further contention that Family Court incorrectly focused upon the issue of custody rather than modification of

visitation has no merit. Petitioner's allegations dictated such focus. Considering the deference accorded to Family Court's findings if they promote the child's best interest and are supported by a sound and substantial basis in the record (*see Barney v Barney*, 301 AD2d 950, 951 [2003]), there is no basis upon which we would disturb the determination rendered.

Mercure, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.