■ In the Matter of BRADEN FOOD & DRINK, INC., Respondent, v NEW YORK STATE LIQUOR AUTHORITY, Appellant. [899 NYS2d 352]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority dated April 13, 2009, which, after a hearing, found that the petitioner violated certain provisions of the Alcoholic Beverage Control Law, imposed a $1,000 bond forfeiture, and canceled the petitioner's liquor license, the New York State Liquor Authority appeals from a judgment of the Supreme Court, Orange County (Ritter, J.), dated June 9, 2009, which granted the petition, annulled the determination, and remitted the matter to it for the imposition of a new penalty less severe than the cancellation or revocation of the petitioner's liquor license.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner, Braden Food & Drink, Inc. (hereinafter Braden), does not dispute the determination of an administrative law judge of the New York State Liquor Authority (hereinafter the Authority), made after a hearing, that on the evening of January 20, 2006, and in the early morning of January 21, 2006, employees at its bar, Cooperfield's, served alcohol to Christopher Devitt, who was 19 years old at the time, in violation of Alcoholic Beverage Control Law § 65 (1). Braden also

does not dispute that, on January 25, 2006, it failed prominently to display its liquor license, in violation of Alcoholic Beverage Control Law § 114 (6).

In a determination dated October 15, 2008, the Authority "revoked" Braden's liquor license as a penalty for the commission of those two violations, effective immediately, and Braden challenged the imposition of that penalty by commencing the instant CPLR article 78 proceeding. The Supreme Court, in a judgment dated March 5, 2009, granted the petition, annulled the determination, and remitted the matter to the Authority for a new determination on the issue of the appropriate penalty. In annulling the determination, the Supreme Court expressly concluded that the penalty of revocation was "disproportionate to the magnitude of the violations charged and proven." Notably, the Authority did not appeal the judgment dated March 5, 2009.

Instead, in a determination dated April 13, 2009, the Authority, upon remittal, among other things, "cancelled" Braden's license, prompting Braden again to petition the Supreme Court, this time to annul the Authority's new determination, and simultaneously to move to hold the Authority in contempt of the judgment dated March 5, 2009, on the ground that revocation and cancellation were essentially the same penalties. The Supreme Court agreed with the petitioner's contention in this regard, finding "no difference" between the penalties of revocation and cancellation. In a judgment dated June 9, 2009, the Supreme Court granted the petition, annulled the determination dated April 13, 2009, and again remitted the matter to the Authority, specifically for the consideration of a penalty less severe than revocation or cancellation.

Since the Authority did not appeal the judgment dated March 5, 2009, the only issue on this appeal is whether the Supreme Court correctly determined, in the judgment dated June 9, 2009, that cancellation is "no different" from revocation. The Supreme Court was correct and, thus, we affirm.

The Authority has the power, inter alia, to "revoke, cancel, or suspend" a liquor license for cause (Alcoholic Beverage Control Law § 17 [3]; see Alcoholic Beverage Control Law §§ 118, 119 [1]). A licensee whose license has been revoked for cause must wait two years before applying for a new liquor license (see Alcoholic Beverage Control Law § 126 [5] [a]; [6]). In contrast, a licensee whose license has been cancelled has no waiting period and, thus, may theoretically reapply for a new license immediately upon cancellation (see Matter of Agnello v State Liq. Auth., 32 AD2d 92, 93 [1969]; Matter of Piccolo Club v State

*Liq. Auth.,* 18 AD2d 658 [1962]; *cf.* Alcoholic Beverage Control Law § 126). Except for purposes of reapplication, the penalties of revocation and cancellation are synonymous (*see e.g. Matter of Glenram Wine & Liq. Corp. v O'Connell,* 295 NY 336, 341-342 [1946]; *Matter of 47 Ave. B. E. Inc. v New York State Liq. Auth.,* 65 AD3d 33, 37 n 2 [2009], *revd on other grounds* 13 NY3d 820 [2009]; *Matter of Agnello v State Liq. Auth.,* 32 AD2d at 93; *see also Matter of Shore Haven Lounge v New York State Liq. Auth.,* 37 NY2d 187, 190-191 [1975]). Accordingly, the Supreme Court properly granted the petition, annulled the Authority's determination dated April 13, 2009, and again remitted the matter to the Authority specifically for reconsideration of a penalty less severe than either revocation or cancellation.

In light of our determination, we need not consider the parties' remaining contentions. Mastro, J.P., Eng, Belen and Austin, JJ., concur.