In the Matter of ANGELA M. OPPENHEIM, Appellant, v MAUREEN O'CONNELL, Nassau County Clerk, et al., Respondents. [943 NYS2d 779]—

In a proceeding, inter alia, pursuant to CPLR article 78 to review a determination of Maureen O'Connell, the Nassau County Clerk, dated September 25, 2008, which terminated the petitioner's desk license effective immediately, the petitioner appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), entered March 25, 2011, as, upon the granting of that branch of the petition which was to annul the determination, denied that branch of her motion which was, in effect, to compel Maureen O'Connell and the County of Nassau to immediately reinstate her desk license.

Ordered that the order is affirmed insofar as appealed from, with costs.

Pursuant to a desk license agreement, the petitioner, Angela M. Oppenheim, was issued a desk license which permitted her to use desk space in the title room of the Nassau County Clerk's office for a term of one year, commencing on January 1, 2008, and expiring on December 31, 2008. In September 2008 the petitioner's license was terminated based upon charges that she violated certain rules and regulations of the Nassau County Clerk. The petitioner subsequently commenced this proceeding pursuant to CPLR article 78 against Maureen O'Connell, the Nassau County Clerk, and the County of Nassau (hereinafter together the respondents), inter alia, to review that determination. The Supreme Court, among other things, granted that branch of the petition which was to annul the determination.

In September 2010 the respondents denied the petitioner's request to reinstate her desk license, since the license had expired on December 31, 2008. Thereafter, the petitioner moved, inter alia, in effect, to compel the respondents to immediately reinstate the desk license. In the order appealed from, the Supreme Court, among other things, denied that branch of the motion. We affirm the order insofar as appealed from.

Contrary to the petitioner's contention, the Supreme Court properly denied that branch of her motion which was, in effect, to compel the respondents to immediately reinstate the desk license. Under the circumstances, the Supreme Court did not have the authority to reinstate the petitioner's desk license, which expired on December 31, 2008 (cf. *Rob Tess Rest. Corp. v New York State Liq. Auth.*, 68 AD2d 821 [1979], *mod* 49 NY2d

874 [1980]; *Matter of Agnello v State Liq. Auth.*, 32 AD2d 92 [1969]). Angiolillo, J.P., Lott, Roman and Miller, JJ., concur.