■ In the Matter of PLATINUM PLEASURES OF NY, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [8 NYS3d 265]—

Determination of respondent, dated February 15, 2013, cancelling petitioner's on-premises liquor license and imposing a $1,000 bond forfeiture, upon a finding of violations of the Alcoholic Beverage Control Law and the Rules of the State Liquor Authority (9 NYCRR 53.1), modified, on the facts, to vacate the penalty of cancellation and remand the matter to respondent for the imposition of a lesser penalty, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Doris Ling-Cohan, J.], entered Mar. 13, 2013), otherwise disposed of by confirming the remainder of the determination, without costs.

Substantial evidence supports respondent's findings that petitioner violated the Alcoholic Beverage Control Law and the

Rules of the State Liquor Authority (9 NYCRR 53.1) (*see Matter of Purdy v Kreisberg*, 47 NY2d 354, 358 [1979]). With respect to rule 36.1 (d) (9 NYCRR 53.1 [d]), failing to operate a "bona fide premises," petitioner argues that the language "in the judgment of the Authority" in the rule deprives the licensee of due process by presupposing guilt. However, necessarily implicit in the rule is that the agency will exercise its judgment rationally and in good faith (*see Matter of Ray v Haveliwala*, 107 AD2d 316, 319 [3d Dept 1985]). Moreover, the determination that petitioner's premises were not "bona fide" was made after an administrative hearing at which petitioner was afforded due process.

Substantial evidence supports the findings that petitioner violated Alcoholic Beverage Control Law § 110 (4) and rule 36.1 (b) (9 NYCRR 53.1 [b]) by failing to disclose loans from a corporate affiliate used to fund renovations to the premises and that it violated rule 36.1 (b) by misrepresenting its ability to open and operate, notwithstanding petitioner's showing that its failings were the result of negligence or ignorance of the law, rather than willfulness or an intent to deceive (*see Matter of Taverna El Pulpo v New York State Liq. Auth.*, 103 AD2d 701, 703 [1st Dept 1984]). Petitioner's argument that the misrepresentation in its original application is outside the applicable limitations period (*see* Alcoholic Beverage Control Law § 118 [2]) is unpreserved and in any event without merit.

With respect to the determination that petitioner violated Alcoholic Beverage Control Law § 99-d (1) by failing to obtain permission from respondent to effect a "substantial alteration" of the premises, the record shows that the renovations at issue cost over $100,000 and included opening up a dressing room and converting it into a seating area.

Petitioner's argument that all the charges are barred by a prior determination of respondent based on petitioner's plea of no contest to a charge of failure to timely renew its license is unpreserved, since petitioner failed to raise it before respondent (*see Matter of Cipollaro v New York State Dept. of Motor Vehs.*, 101 AD3d 508 [1st Dept 2012]). Were we to consider the argument, we would reject it (*see Matter of Sherwyn Toppin Mktg. Consultants, Inc. v New York State Liq. Auth.*, 103 AD3d 648, 651 [2d Dept 2013], *lv denied* 21 NY3d 858 [2013]).

In the absence of a finding of willfulness or an intent to deceive in connection with the foregoing violations, the violations do not warrant cancellation of petitioner's license (*see e.g. Matter of Farina v State Liq. Auth.*, 20 NY2d 484, 493 [1967]; *Matter of La Trieste Rest. & Cabaret v New York State Liq.*

*Auth.*, 228 AD2d 172 [1st Dept 1996]; *Matter of Vicky's Grocery v New York State Liq. Auth.*, 213 AD2d 206 [1st Dept 1995]). Accordingly, we remand the matter to respondent for the imposition of an appropriate lesser penalty. Concur—Andrias, Saxe and Gische, JJ.

Sweeny, J.P., and DeGrasse, J., dissent in part in a memorandum by DeGrasse, J., as follows: The majority and I agree that substantial evidence supports respondent's determination that petitioner violated Alcoholic Beverage Control Law §§ 99-d (1) and 110 (4), as well as Rules of the State Liquor Authority (9 NYCRR) § 53.1. I disagree, however, with the majority's finding that the penalty of cancellation imposed by respondent is excessive. As noted by the Court of Appeals, "[T]he role of the courts in reviewing the penalty imposed by an administrative agency is extremely limited" (*Matter of 17 Cameron St. Rest. Corp. v New York State Liq. Auth.*, 48 NY2d 509, 512 [1979]). Where the finding of guilt has been confirmed, the test is whether the punishment imposed is "so disproportionate to the offense, in light of all of the circumstances, as to be shocking to one's sense of fairness" (*id.* [internal quotation marks omitted]). That test has not been met in this case.

Respondent sustained eight separate charges following a revocation hearing. Three of the sustained charges involved the submission of false material statements or the suppression of information in connection with petitioner's original application and renewal application. The record does not support the majority's conclusion, on the basis of a purported lack of willfulness on petitioner's part, that the penalty of cancellation was unwarranted. Petitioner's argument regarding its purported lack of willfulness is based on the assertion that it was unaware of its duty to disclose its financial obligations, place its license in safekeeping with respondent and otherwise comply with the Alcoholic Beverage Control Law and respondent's rules. The majority apparently accepts this argument in reaching its conclusion. I reach a different conclusion because the common-law maxim that ignorance of the law is no excuse applies in the context of CPLR article 78 proceedings (*see Matter of Obiora v New York State Div. of Hous. & Community Renewal*, 77 AD3d 755, 756 [2d Dept 2010] [landlord's ignorance of the law held insufficient to show that a rent overcharge was not willful]; *Matter of Rubin v Tax Appeals Trib. of State of N.Y.*, 29 AD3d 1089, 1091-1092 [3d Dept 2006] [ignorance of the law held insufficient as a basis for the abatement of penalties]). *Matter of Farina v State Liq. Auth.* (20 NY2d 484 [1967]), which the majority cites, is distinguishable because it involved an an-

nulment of a determination on the distinct ground that it "was arbitrary and capricious, being based upon conclusory reasons, unsupported by factual considerations" (*id.* at 493). *Matter of La Trieste Rest. & Cabaret v New York State Liq. Auth.* (228 AD2d 172 [1st Dept 1996]) and *Matter of Vicky's Grocery v New York State Liq. Auth.* (213 AD2d 206 [1st Dept 1995]), which the majority also cites, are inapt because they do not implicate the purported ignorance of the law excuse proffered by petitioner in this proceeding.

It should also be noted that the penalty of cancellation imposed here does not carry the most severe consequences permitted by law. Upon sustaining the charges following the revocation hearing, respondent could have revoked, cancelled or suspended petitioner's license (*see* 9 NYCRR 54.6 [a]; *see also* Alcoholic Beverage Control Law § 17 [3]). "A licensee whose license has been revoked for cause must wait two years before applying for a new liquor license" (*Matter of Braden Food & Drink, Inc. v New York State Liq. Auth.*, 72 AD3d 956, 957 [2d Dept 2010], citing Alcoholic Beverage Control Law § 126 [5] [a]; [6]). However, where a license has been cancelled, the affected licensee may, theoretically, make an immediate application for a new license (72 AD3d at 957). I would confirm respondent's determination.