Matter of 156 10th Ave. Wine & Liq. Inc. v New York State Liq. Auth. (2021 NY Slip Op 01116)





Matter of 156 10th Ave. Wine & Liq. Inc. v New York State Liq. Auth.


2021 NY Slip Op 01116


Decided on February 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 18, 2021

Before: Renwick, J.P., Kern, Singh, Shulman, JJ. 


Index No. 154203/20 Appeal No. 13172 Case No. 2020-03537 

[*1]In the Matter of 156 10th Avenue Wine & Liquor Inc., Petitioner,
v
New York State Liquor Authority, Respondent.


Mehler & Buscemi, New York (Francis R. Buscemi of counsel), for petitioner.
Gary Meyerhoff, New York (Stefan Armstrong of counsel), for respondent.



Determination of respondent, dated June 11, 2020, which, after a hearing, sustained charges that petitioner, inter alia, failed to disclose material information on its liquor license application, and cancelled petitioner's license, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Debra James, J.], entered on or about August 19, 2020), dismissed, without costs.
As an initial matter, it is noted that petitioner does not challenge the finding that it used a trade name for its store without seeking or obtaining respondent's permission (see 9 NYCRR 53.1[p]).
As to the failure to disclose, respondent's determination is supported by substantial evidence (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179-182 [1978]), which supports the conclusion that petitioner made a "false material statement" or "conceal[ed] or suppress[ed] . . . facts . . . in connection with an application for a license or permit . . ." (9 NYCRR 53.1[b]). Petitioner's sole owner admitted that she did not include her entire alcohol industry employment history for the previous five years in her personal questionnaire. Contrary to petitioner's contention, the charges may be sustained where a failure to disclose is "the result of negligence or ignorance of the law, rather than willfulness or an intent to deceive" (Matter of Platinum Pleasures of NY, Inc. v New York State Liq. Auth., 126 AD3d 587, 588 [1st Dept 2015], lv denied 26 NY3d 903 [2015]).
Furthermore, the penalty imposed does not shock our sense of fairness (see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974]). Respondent did not abuse its discretion by considering, at the full hearing of respondent's Board, the investigation involving the husband of petitioner's owner, who, as admitted by two stores where the owner worked, availed himself of their licenses, and whose scheme allegedly included petitioner's predecessor on the premises (see Alcoholic Beverage Control Law § 111). Respondent appropriately considered "the nature and gravity of the
violation in question and the previous record and history of the licensee and the licensed premises" (Awrich v New York State Liq. Auth., 92 AD2d 925, 927 [2d Dept 1983] [internal quotation marks omitted], affd 60 NY2d 645 [1983]; see 9 NYCRR 54.6[a]).
We have considered petitioner's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 18, 2021